THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN D. KNECHT,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., DEUTSCHE BANK NATIONAL TRUST CO. AS TRUSTEE FOR GSR MORTGAGE LOAN TRUST 2006-0A1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-0A1, AMERICAN HOME MORTGAGE SERVICING INC.,<br><br>Defendants. | No. 2:12-cv-1575 RAJ<br><br>DEFENDANTS' MOTION TO DISMISS<br><br>Noted for Consideration:<br>October 26, 2012 |

## I. INTRODUCTION AND RELIEF REQUESTED

Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"); Deutsche Bank National Trust Co. as Trustee for GSR Mortgage Loan Trust 2006-0A1, Mortgage Pass-Through Certificates, Series 2006-0A1 ("Deutsche Bank"); and American Home Mortgage Servicing, Inc. ("AHMSI"), collectively "Moving Defendants," move the Court pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing with prejudice the plaintiffs' Complaint [Dkt. 2-1].

This is a wrongful foreclosure case in which plaintiff (and borrower) John D. Knecht ("Knecht") is trying to forestall a pending nonjudicial foreclosure sale. Although not disputing



Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

that he has not paid his mortgage loan for some time, Knecht asks this Court to restrain the foreclosure and award him monetary damages. Knecht asserts three theories of relief. All three theories fail and the Complaint should be dismissed.

1) The Complaint fails to state a claim for declaratory relief that the pending foreclosure sale does not comply with the Washington Deed of Trust Act, RCW 61.24.010, *en seq.* ("WDTA"). First, Knecht's declaratory relief claim fails because it seeks an advisory opinion and thus does not meet the Declaratory Judgment Acts "actual controversy" requirement. Second, Knecht's request for an order enjoining foreclosure because Deutsche Bank has not "proven" it is the beneficiary is legally baseless. The WDTA does not require that the beneficiary "prove" its beneficiary status. Knecht advances a "show me the note" argument universally rejected and inconsistent with the nonjudicial foreclosure prerequisites in the WDTA. Third, the Complaint's reliance on the Washington Supreme Court's *Bain*[1] decision is misplaced because here, unlike in *Bain*, MERS has no relationship to the pending foreclosure.

2) There is no merit to Knecht's cause of action under the Washington Criminal Profiteering Act, RCW 91.82.010, *en seq.* The claim fails because there is no private civil cause of action under the Criminal Profiteering Act. Further, the Complaint fails to allege that Moving Defendants committed a criminal act triggering the statute. Indeed, given the substantial amount of litigation in this district and around the country regarding MERS, the claim that the defendants committed **criminal** acts solely because MERS is listed on the Deed of Trust is deeply flawed.

3) Knecht's cause of action under the Washington Consumer Protection Act, RCW 19.86 ("WCPA") is based, again, on MERS role as the nominee for the beneficiary in the Deed of Trust. First, the cause of action fails because Knecht has not alleged any injury he suffered because of the MERS designation, or any other purportedly deceptive act by Moving Defendants. Indeed, any injuries suffered by Knecht were caused by his breach of the

---

[1] Bain v. Metropolitan Mortgage Group, Inc., ---P.3d---, 2012 WL 3517326 (Wash., August 16, 2012).



Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Promissory Note, not any activity by the Moving Defendants. Second, the Complaint fails to allege any deceptive conduct committed by AHMSI or Deutsche Bank.

## II. STATEMENT OF FACTS

In April 2006, Knecht obtained a $315,000 residential mortgage refinance loan from lender American Brokers Conduit. [Dkt 2-1, pp. 1, 37.] Knecht signed a Promissory Note agreeing to make monthly payments beginning June 1, 2006 until he paid off the loan. [*Id.*, pp. 37-42.] To secure the loan, Knecht executed a Deed of Trust granting a security on his home. [*Id.*, pp. 14-26.] The Deed of Trust secured repayment of the loan and all renewals and extensions of the note. [*Id.*] The Deed of Trust identified American Brokers Conduit as the "Lender" and MERS as a "separate corporation that is acting solely as a nominee for Lender and Lenders successors and assignees." [*Id.*, pp. 14-16.]

On April 12, 2010, an Assignment of Deed of Trust was recorded in the King County Official Records. [*Id.*, p. 44.] The Assignment recorded the transfer of the beneficial interest in the Deed of Trust from MERS to Deutsche Bank. [*Id.*]

On September 16, 2010, Deutsche Bank, as the beneficiary, recorded an Appointment of Successor Trustee appointing Fidelity National Title Insurance Company ("Fidelity") as the new trustee under the Deed of Trust. [*Id.*, pp. 47-48.] Then, on October 26, 2010, Fidelity recorded a Notice of Trustee Sale. [*Id.*, pp. 50-53.] The Notice of Trustee Sale stated that Knecht had defaulted on the Promissory Note by failing to make payments since January 2010, resulting in a $17,551.68 balance in arrears, and set a foreclosure sale for January 28, 2011. [*Id.*] The sale was cancelled.

Fidelity, as the trustee, recorded a second Notice of Trustee Sale on September 14, 2011. [Dkt. 2-2, pp. 5-7.] The Notice of Trustee Sale identified Deutsche Bank as the beneficiary. [*Id.*, p. 5.] Fidelity later discontinued the sale. [Dkt. 2-2, pp. 11-12.]



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

On June 7, 2012, Fidelity recorded a third Notice of Trustee Sale in the King County Official Records, which set the foreclosure sale date for September 7, 2012. [*Id.*, pp. 14-17.] According to the Notice, by this time Knecht's mortgage loan was $36,278.53 in arrears and he owed late charges and advances totaling over $2,000. [*Id.*, p. 15.] The Notice of Trustee Sale again identified Deutsche Bank as the beneficiary of the Deed of Trust. [*Id.*, p. 14.]

Knecht filed this action in King County Superior Court on August 12, 2012 and obtained a preliminary injunction preventing the September 7, 2012 foreclosure sale. [Dkt. 9-1.] Moving Defendants removed the action to this court. [Dkt. 1.] The foreclosure sale remains on hold.

## III. AUTHORITY AND ARGUMENT

### A. Dismissal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (footnote added) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Complaint "must contain sufficient allegations of underlying facts" to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca,* 652 F.3d 1202, 1215–16 (9th Cir.2011). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal,* 556 U.S. at 678 (citation omitted). While a court must accept as true all well-pleaded allegations of material facts, a plaintiff must plead sufficient "factual content [to] allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

When a complaint fails to meet the minimum standard for showing a claim for relief, the action should be dismissed "at the point of minimum expenditure of time and money by the parties and the court." *William O. Gilley Enterprises v. Atlantic Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009).

**B. <u>Plaintiff Is Not Entitled to the Requested Declaratory Relief.</u>**

The Complaint's First Cause of Act is for "Declaratory Judgment." [Dkt. 2-1, pp. 6-8.] Knecht asks the Court to enter a declaratory judgment providing, among other things[2]:

> (i) That MERS is without lawful authority to act as a beneficiary under the Deed of Trust and that its assignment of the Deed of Trust to Deutsche Bank is void *ab initio*. Complaint, III.1.A.
>
> (ii) That MERS is "guilty" of violating RCW 40.16.030, which makes it a felony to "knowingly procure or offer any false or forged instrument to be filed, registered, or recorded in any public office... ." Complaint, III.1.B.
>
> (iii) That the Notices of Trustees sale are invalid because they failed to comply with the Washington Deed of Trust Act and because trustee Fidelity was not the "lawful" successor trustee. Complaint, III.1.D.
>
> (v) That Homeward made "false representations" in connection with the non-judicial foreclosure and loan workout efforts. Complaint, III.1.F and G.

Each of these matters is addressed below.

**1. There is no justiciable controversy regarding MERS because MERS is not involved in the foreclosure.**

The Court must decline Knecht's request to determine whether MERS may act as a beneficiary because there is no justiciable controversy. MERS is not the beneficiary attempting to foreclose and is not involved in the pending foreclosure Knecht seeks to enjoin. [*See* Dkt. 2-2, pp. 14-17.] Deutsche Bank is attempting to foreclosure. [*Id.*] Accordingly, even if this Court declared that MERS is not a proper beneficiary it would have no affect on the foreclosure. The

---

[2] Knecht also seeks declaratory relief regarding Deutsche Bank's standing to foreclosure under the WDTA. That claim is addressed below.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

only dispute is whether Deutsche Bank has met the foreclosure pre-requisites under the WDTA, which Moving Defendants address below.

The Declaratory Judgment Act allows a federal district court to issue declaratory relief only in "a case of actual controversy." 28 U.S.C. § 2201. A party seeking declaratory relief under the statute must present an "actual controversy" in order to satisfy the "case or controversy" requirement of Article III. 28 U.S.C. § 2201(a). A party must assert facts showing that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant" relief. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The controversy must involve a matter that is substantial and concrete, that touches on the legal relations of the parties with adverse interests, and must be subject to specific relief through a decree of conclusive character. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937).

The Declaratory Judgment Act is not a device for courts to render advisory opinions and a plaintiff's request for such relief must be rejected. *See Aetna*, 300 U.S. at 240-41. Unless an actual controversy exists, the district court is without power to grant declaratory relief. *Daines v. Alcatel, S.A.*, 105 F.Supp.2d 1153, 1155 (E.D.Wash.2000)(quoting *Garcia v. Brownell*, 236 F.2d 356, 357-58 (9th Cir.1956)).

Moreover, a claim for declaratory relief is a remedy, not a cause of action. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). A declaratory relief remedy derives from the substantive claims for relief. A declaratory relief cause of action cannot survive a motion to dismiss when the substantive claims on which it is based are subject to dismissal. *Avirez Ltd. v. Resolution Trust Co.*, 876 F.Supp. 1125, 1143 (C.D. Cal. 1995); *see, Roberts v. McCarthy*, 2011 WL 1363811, *4 (D.Nev. 2011). Similarly, "a claim for 'injunctive relief' standing alone is not a cause of action." *Kwai Ling Chan v. Chase Home Loans, Inc., et al*, 2012 WL 1576164, *7 (W.D.Wash. May 4, 2012) (*citing, Jensen v.*



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Quality Loan Serv. Corp.*, 702 F.Supp.2d 1183, 1201 (E.D.Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action"); *Henke v. ARCO Midcon, L.L.C.*, 750 F.Supp.2d 1052, 1059–60 (E.D.Mo. 2010) ("Injunctive relief, however, is a remedy, not an independent cause of action."); *Motley v. Homecomings Fin., LLC,* 557 F.Supp.2d 1005, 1014 (D.Minn. 2008) (no independent cause of action for injunction exists).

Here, there is no controversy between Knecht and MERS regarding the pending foreclosure. MERS did not appoint Fidelity as the trustee and is not involved in any aspect of the foreclose. [*See* Dkt. 2-1, pp. 4-6; Dkt 2-2, pp. 14-17.] Deutsche Bank, not MERS, appointed the current trustee (Fidelity) carrying out the foreclosure. [Dkt. 2-1, pp. 47-48.] The pending foreclosure is on behalf of Deutsche Bank. [Dkt. 2-2, pp. 14-17.] The active Notice of Trustee's Sale states that "[t]he current beneficiary is Deutsche Bank National Trust Company, as Trustee for GSR Mortgage Loan Trust 2006-0A1, Mortgage Pass-Through Certificates, Series 2006-0A1, (the 'Beneficiary')." [*Id.*, p. 14.]

Because there is no controversy, Knecht's request for a declaratory judgment regarding MERS' authority to act as a beneficiary under the original Deed of Trust must be dismissed.

**2. MERS did not violate RCW 40.16.030, a criminal statute.**

Knecht requests a declaratory judgment that MERS violated RCW 40.16.030, which provides:

> Every person who shall knowingly procure or offer *any false or forged instrument* to be filed, registered, or recorded in any public office, which instrument, if genuine, might be filed, registered or recorded in such office under any law of this state or of the United States, is guilty of a class C felony and shall be punished by imprisonment in a state correctional facility for not more than five years, or by a fine of not more than five thousand dollars, or by both.

First, this claim fails because RCW 40.16.030 imposes only criminal penalties and there is no private civil cause of action. The statute is part of Title 40 RCW, entitled "Public



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

documents, records and publications." Chapter 40.16, entitled "Penal provisions," includes three sections criminalizing certain actions concerning public records. There is no explicit private right of action anywhere in Title 40 RCW. Moreover, there is no reported decision in which a court has found a private right of action under the statute.

Further, while in certain circumstances legislative enactments may be the foundation of a private right of action, *see Bennett v. Hardy*, 113 Wn.2d 912, 919, 784 P.2d 1258 (1990), this is not such a circumstance. The Washington Supreme Court has identified a three-part analysis to determine if a statute implies a private right of action. A plaintiff must show that (1) she is within the class for whose "especial" benefit the statute was enacted; (2) the legislative intent, explicitly or implicitly, supports creating or denying a remedy; and (3) implying a remedy is consistent with the statutory purpose. *Bennett*, 113 Wash.2d at 920-21, 784 P.2d 1258.

There is nothing in the legislative history or the statute itself suggesting that Knecht is within the class of individuals for whom RCW 40.16.030 is intended to protect or that implying a private remedy is consistent with the statutory purpose. *See* WA Legis 53 (2003)[3]. The statute criminalizes **the recording** of false or forged documents. Knecht, a party to the Deed of Trust, does not allege he was harmed by the **recording** of the instruments since he was a party to the original document, received notice of the content of the document before it was recorded, and even agreed to the terms of the Deed of Trust as evidence by his signature. Because RCW 40.16 targets false documents that are recorded in the public records, it is intended to protect governmental bodies who receive the false recording and innocent third-parties who rely on the recording. Knecht, as a party to the contract, is not such party. Accordingly, implying a private remedy is not appropriate.

[3] Laws 2003, ch. 53, § 1 provides:

> "The legislature intends by this act to reorganize criminal provisions throughout the Revised Code of Washington to clarify and simplify the identification and referencing of crimes. It is not intended that this act effectuate any substantive change to any criminal provision in the Revised Code of Washington."



Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Second, even if a private cause of action existed, the Complaint fails to allege a violation of RCW 40.16.030. To prove a violation, Knecht must show—and at the pleading stage allege sufficient facts to suggest—that MERS "knowingly procure[d] or offer[ed] a false or forged instrument" for recording in a public office. The Complaint does neither: There are no allegations that MERS **knowingly** offered or procured a **false** instrument. At best, the Complaint alleges that the Deed of Trust and Assignment of Deed of Trust inaccurately identify MERS as the nominee for the beneficiary because, under the recent *Bain* decision, MERS does not meet the statutory definition of "beneficiary." However, identifying MERS as the beneficiary was not false, and certainly not "knowingly false" such that it is a crime. Indeed, this Court, prior to *Bain*, referred to Knecht's argument disputing MERS's authority under a Deed of Trust in which it was identified as the beneficiary as "baffling:"

> Plaintiffs' sole basis for blocking the foreclosure (other than the bases rejected above) is their contention that MERS has no beneficial interest in the note that the deed of trust secures, and that Recontrust therefore has no power as MERS's designee to initiate a foreclosure action. This assertion is baffling. The deed of trust, of which the court takes judicial notice, explicitly names MERS as a beneficiary. The deed of trust grants MERS not only legal title to the interests created in the trust, but the authorization of the lender and any of its successors to take any action to protect those interest, including the "right to foreclose and sell the Property."

*Daddabbo v. Countrywide Home Loans, Inc.*, 2010 WL 2102485 at *5 (W.D.Wash., 2010).

Nor does the Complaint allege that MERS "offered" or "procured" the Deed of Trust or any other purportedly false or forged documents publicly recorded. [*See* Dkt. 2-1, pp. 1-12.] The claim fails for this additional reason.

**3. There are no grounds to issue declaratory relief regarding allegedly false statements made by AHMSI.**

Knecht maintains in the Complaint that "the Court should declare Defendant AHMSI to have made false representations in its participation of the non-judicial foreclosure" and that AHMSI "misrepresented its interests" in connection with loan workout efforts. [Dkt. 2-1, pp. 7-



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

8.] Initially, the requested declaratory relief is not available under the Declaratory Judgment Act. As outlined above (*see* pp. 6-7, *supra.*), a party may not use the Declaratory Judgment Act to obtain advisory opinions. *See Aetna*, 300 U.S. at 240-41. Rather, there must be "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant" relief. *Maryland Casualty Co.*, 312 U.S. 273. Knecht's request for declaratory relief against AHMSI does not satisfy this standard. Indeed, Knecht appears to seek an evidentiary finding of false statements, which is not the proper subject of the Declaratory Relief Act.

Further, the Complaint lacks sufficient factual allegations supporting Knecht's claim that AHMSI made false statements or misrepresentations. Accordingly, because the Complaint lacks sufficient factual matter to state a claim to relief that is plausible on its face, it cannot survive a motion to dismiss. *See Ashcroft,* 556 U.S. at 678.

### C. Knecht Is Not Entitled to an Injunction Preventing Deutsche Bank from Foreclosing on the Deed of Trust.

The Complaint requests that the Court enter a declaratory judgment and injunction preventing Deutsche Bank from foreclosing because it has not "proven" it is the beneficiary of the Deed of Trust. [Dkt. 2-1, pp. 7-8] This claim cannot survive a motion to dismiss because it is based on conclusory legal statements that are wrong. Specifically, the WDTA does not require that the beneficiary "prove" it is the beneficiary as a condition of nonjudicial foreclosure. Knecht is attempting to add legal requirements that do not exist.

The starting and ending point of Knecht's effort to enjoin the pending nonjudicial foreclosure is the requirements in the WDTA. If the Complaint fails to allege sufficient facts suggesting the pending foreclosure does not comply with the WDTA, the Complaint cannot survive the motion to dismiss.

RCW 61.24.030 includes eight requirements for a valid trustee's sale:

1. The deed of trust must contain a power of sale.



Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

2. The deed of trust must include a statement that the property conveyed is not used principally for agricultural purposes.

3. A default has occurred on the obligation that triggers the power of sale.

4. The beneficiary of the deed of trust has not commenced legal action to seek satisfaction of an obligation secured by the deed of trust.

5. The deed of trust has been recorded in each county in which the land is situated.

6. The trustee must maintain a street address in this state where personal service of process may be made, and the trustee must maintain a physical presence and have telephone service at such address.

7. The trustee must have proof of the beneficial owner of the promissory note secured by the deed of trust.

8. At least thirty days before notice of sale shall be recorded, transmitted or served, written notice of default shall be transmitted *by the beneficiary or trustee to the borrower* and grantor and contain certain required information, including a statement that the beneficiary has declared the borrower in default. *See* RCW 61.24.040.

While the Complaint fails to specify the statutory challenge to the pending foreclosure foreclosure, presumably Knecht is claiming that either (a) the trustee lacks proof of Deutsche Bank's beneficial ownership (requirement number 7) or (b) the beneficiary or trustee were not the parties who sent the notice of default (requirement number 8) because Deutsche Bank is not the beneficiary.

**1. The WDTA does not require that Deutsche Bank "prove" it is the beneficiary.**

Knecht's assertion that Deutsche Bank cannot foreclosure without proving it is the beneficiary is legally wrong; there is no such legal requirement in the WDTA. Knecht is attempting to convert Washington's non-judicial foreclosure process into a judicial foreclosure, requiring that the party trying to foreclose offer evidence of standing to foreclose. This Court should reject Knecht's invitation to re-write Washington's law.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Moreover, by asserting that Deutsche Bank must "prove" it is the beneficiary before non-judicially foreclosing, Knecht advances a species of the "show me the note" debt elimination argument universally rejected by courts around the country. Knecht challenges Deutsche Bank's standing because it has failed to produce certain documents or otherwise demonstrate that it is the "holder" of the note. For example, the Complaint asks this Court to declare that Deutsche Bank is "incapable of being the 'holder' of the Note [because it] has not shown that it ever took delivery of the original promissory Note 'for value.'" [Dkt. 2-1, p. 7.]

Washington and other courts "have routinely held that [the] 'show me the note' argument lacks merit." *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276 at *6 (quoting *Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (collecting cases)); *Wright v. Accredited Home Lenders*, 2011 WL 39027 (W.D. Wash. 2011) (citing *Freeston*, 2010 WL 1186276); *Salmon v. Bank of Am.*, slip op., 2011 WL 2174554 (E.D. Wash. 2011). Nothing in the eight requisites for foreclosure under the WDTA requires the beneficiary or the trustee to present proof to the borrower that they own or possess the note. *See* RCW 61.24.030.

The Idaho Supreme Court recently addressed and rejected similar claims in *Trotter v. Bank of New York Mellon*, 275 P.3d 857 (Idaho, 2012). In *Trotter,* the plaintiff, like Knecht in this action, claimed that the bank could not foreclose until it provided a document showing how it became the beneficiary on the deed of trust, or whether it owned the plaintiff's loan. *Id.* The Idaho Supreme Court rejected this argument. The Court held that there was no such requirement in Idaho's Deed of Trust Act, which like Washington's non-judicial foreclosure statute, allows a trustee to initiate non-judicial foreclosure without requiring such proof. This Court should follow the reasoning in *Trotter*.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**2. The *Bain* decision is not relevant.**

Knecht will likely rely heavily on *Bain*, the Washington Supreme Court's recent decision holding that MERS does not meet the definition of "beneficiary" under the WDTA. *Bain*, however, is not helpful to Knecht. The *Bain* court only decided whether MERS met the statutory definition of "beneficiary" and thus had authority to appoint a substitute trustee. "...[T]he primary issue is whether MERS is a lawful beneficiary with the power to appoint trustees within the deed of trust act if it does not hold the promissory notes secured by the deeds of trust." *Bain*, at p. 3. Here, unlike in *Bain*, **MERS did not appoint the trustee**. Instead, Deutsche Bank, the beneficiary attempting to foreclose, appointed the trustee who is foreclosing. [Dkt. 2-1, pp. 47-48.]

Further, the Complaint offers no factual allegations suggesting that Deutsche Bank is not a proper beneficiary. Instead, it only alleges that Deutsche Bank has not "proven" it is the beneficiary; however, there is no such legal requirement. Knecht is the plaintiff and must allege and prove his case. At a minimum, to survive a motion to dismiss the Complaint must allege specific facts asserting—in compliance with Fed. R. Civ. P. 11—that Deutsche Bank is not a "beneficiary" as defined under the WDTA.

Knecht will likely argue that Deutsche Bank is not the beneficiary because MERS lacked authority to record the Assignment of the Deed of Trust [Dkt. 2-1, pp. 44] documenting that Deutsche Bank is the current beneficiary. This argument misses the mark for two reasons. First, the exercise of recording an Assignment of a Deed of Trust is not the means of determining the beneficiary. Rather, as the Washington Supreme Court made clear in *Bain*, the beneficiary is not the entity identified in the public records, but the entity that meets the statutory definition of "beneficiary" under the WDTA. *See Bain* at pp. 28-29. To state a claim for relief, therefore, Knecht must assert specific facts showing that Deutsche Bank does not meet the definition of "beneficiary" under the WDTA. The Complaint fails to do so.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

The WDTA defines "beneficiary" as the "holder of the instrument or document evidencing the obligations secured by the deed of trust." RCW 61.24.005(2). A "holder" of a promissory note is one who both possesses the note and either (a) the note has been made payable to the person who possesses it or (b) the note is payable to the bearer of the note. RCW 62A. 1-201(20). Section 62A.3-301 provides that the entity entitled to enforce the note is "the holder of the instrument." The WDTA nowhere states that a recorded assignment of a deed of trust is the method to determine the beneficiary.

Moreover, Deutsche Bank is the beneficiary under the Deed of Trust if the Promissory Note has been transferred to Deutsche Bank, regardless of any recorded deed of trust assignments. Under Washington law, the security (the Deed of Trust) follows the debt (the Note) as a matter of law. *Bain*, at p. 22 ("Washington's Deed of Trust Act contemplates that the security instrument will follow the note, not the other way around."); *see also*, 18 Wash. Prac. § 18.20 (2d ed. 2010) ("[T]ransfer of the obligation . . . should carry the mortgage along with it. This is indeed the universal result in American law .... Washington decisions . . . support this proposition."); *Fid. & Deposit Co. v. Ticor*, 88 Wn. App. 64, 69 (1997); *Price v. N. Bond & Mortgage*, 161 Wash. 690, 695 (1931) ("[T]he note is considered the obligation, and the mortgage . . . passes with it."); *Nance v. Woods*, 79 Wash. 188 (1914) ("mortgage follows the note"); *Spencer v. Alki Point Transp.*, 53 Wash. 77, 90 (1909) ("[A]ssignment of the notes ipso facto passes the security.").

The Complaint is silent on these issues. It lacks sufficient factual matter that, if accepted as true, proves Deutsche Bank is not the beneficiary.

Second, Knecht lacks standing to challenge the validity of the recorded Assignment of Deed of Trust because he is not a party to that agreement. As courts in other states have held, an assignment of mortgage "is a contract between the assignor and assignee, and is interpreted or construed according to rules of contract construction." *City of Hartford v. McKeever*, 2010 WL



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

4942784, at *3 (Conn. Super. Ct., Nov. 9, 2010) (citation omitted)). In *In re MERS Litigation* No. 09-2119-JAT (D. Ariz. Sept. 30, 2011), the court held that "Plaintiffs, as third-party borrowers, are uninvolved and unaffected by the alleged Assignments, and [do] not possess standing to assert a claim based on such." Similarly, in *Caraang v. Aurora Loan Services,* the U.S. District Court for the District of Hawaii dismissed a challenge to a MERS assignment on the grounds that the plaintiffs did not have standing to challenge the assignment because they were not parties to the assignment and were not intended beneficiaries of the assignment. *Caraang*, No. 11-00312 (D. Haw. Jan. 27, 2012); *see also Silving v. Wells Fargo*, No. 11-676 (D. Ariz. Jan. 18, 2012)(borrowers lack standing to challenge a substitution of trustee and that the borrowers failed to show any injury from MERS execution of the document).

The Complaint fails to sufficiently allege facts suggesting that Deutsche Bank is not the Deed of Trust "beneficiary" under the WDTA. Moreover, to the extent Knecht attempts to attack the recorded Assignment of Deed of Trust, he lacks standing to do so. Accordingly, Knecht's cause of action to restrain the foreclosure must be dismissed.

**D. The Pending Foreclosure Complies with the WDTA's Notice of Trustee's Sale Requirements.**

Knecht's second cause of action [Dkt. 2-1, p. 8] alleges that the pending foreclosure sale is invalid because it does not comply with WDTA's provision limiting continuances of a trustee's sale by no more than 120 days from the date of the originally schedule sale under the Notice of Trustee's Sale. *See* RCW 61.24.040(6). The claim fails based on the record before the Court.

Here, on June 7, 2012 the trustee recorded a "Notice of Trustee's Sale Pursuant to Revised Code of Washington Chapter 61.24 ET. SEQ." [Dkt. 2-2, pp. 14-17.] The Notice scheduled the sale for September 7, 2012. [*Id.*] Pursuant to 61.24.040(6), the trustee may continue the sale for 120 days from September 7, 2012 (January 7, 2013). The sale is not late.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**E. Plaintiff's WCPA Claims Fail As a Matter of Law.**

Knecht alleges that all of the defendants violated the Washington Consumer Protection Act, RCW 19.86.010, *et seq.* ("WCPA"). Although the Complaint's factual basis for this claim is muddled, Knecht appears to rest on (1) MERS role as the nominee for the beneficiary in the original Deed of Trust and (2) AHMSI's loan modification efforts. [*See* Dkt. 2-1, pp. 2-3, 10.]

The WCPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. In order to prove a WCPA claim, a private plaintiff must satisfy **all** of the following required elements: (1) the defendant engaged in an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) that impacts the public interest, (4) that injured plaintiff's business or property, and (5) which injury is causally related to the unfair or deceptive act. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 37, 204 P.3d 885 (2009); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986). Failure to satisfy each element is fatal to a WCPA claim. *Hangman Ridge*, 105 Wn.2d at 793.

First, the WCPA claim must be dismissed because the Complaint fails to allege facts showing injury or causation. A plaintiff must allege facts demonstrating that his or her injuries were caused by the deceptive practice. To prove causation, the "plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 84, 170 P.3d 10 (2007). In *Bain*, the Court explained that with regard to a WCPA claim against MERS, causation necessarily depends upon the facts of a particular case. *Bain* at 38.

Here, the Complaint fails to identify any injury purportedly suffered by Knecht because of the allegedly deceptive practices. Instead, the Complaint merely recites the WCPA requirements. [*See* Dkt. 2-1, p. 10.] In addition, while the Complaint includes a generic assertion of "Resulting Damages," the Complaint fails to assert how any actual injuries suffered by Knecht were caused by a deceptive practice committed by the Moving Defendants, including



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

the allegedly improper characterization of MERS as a beneficiary on the Deed of Trust. [*See e.g., id.*, p. 11-12.]

Second, the WCPA claim against Deutsche Bank and AHMSI fails for the additional reason that the Complaint does not sufficiently allege that either engaged in an unfair or deceptive practice. Although the WCPA does not define unfair or deceptive act, Washington courts have interpreted the term to mean an act or practice that "misleads or misrepresents something of material importance," *Holiday Resort Cmty. Ass'n v. Echo Lake Assocs.*, 134 Wn. App. 210, 226, 135 P.3d 499 (2006), or is "immoral, unethical, oppressive, or unscrupulous." *Blake v. Fed. Way Cycle Ctr.*, 40 Wn. App. 302, 311, 698 P.2d 578 (1985) (internal citations omitted).

With respect to Deutsche Bank and AHMSI, the Complaint lacks sufficient factual allegations to meet this requirement. Instead, the Complaint primarily relies on a recital of the WCPA requirements and a general statement that they are met. [Dkt. 2-1, p. 10.] While the Complaint elsewhere suggests, without any substantive factual allegations, that AHMSI misrepresented it status with respect to the loan [*E.g.,id.*, p. 3-4], these sparse allegations do not sufficiently allege deceptive practices as that term is defined by Washington courts.

**F. Plaintiff's Washington Criminal Profiteering Act Claim is Without Merit.**

Knecht claims that the defendants engaged in criminal profiteering entitling him to damages and equitable relief under the Washington Criminal Profiteering Act, Chapter 9A.82 RCW. The Complaint alleges

RCW 9A.82.100(1)(a) provides a private action for a person who has sustained injury to his business or property by an act of "criminal profiteering that is part of a pattern of criminal profiteering activity, or by an offense defined in RCW 9A.40.100, or by a violation of RCW 9A.82.060 or 9A.82.080… ." In sum, the Criminal Profiteering Act requires proof that the defendant engaged in (i) activity that violated a statute identified in the act; **or** (ii) "criminal



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

profiteering that is part of a pattern of criminal profiteering activity" **and** (iii) proof that the plaintiff sustained injury; **and** (iv) proof that the defendant's violation caused such injury. Here, the Complaint fails on all counts.

The Complaint does not allege a violation of RCW 9A.40.100[4], RCW 9A.82.060[5] or RCW 9A.82.080[6]. Nor does the Complaint allege "criminal profiteering" activity, which is defined in the statute as the commission, or attempted commission of a number of felonies, including murder, robbery, kidnapping, forgery, theft, child selling, bribery, and extortion. RCW 9A.82.010(4).

The Complaint also lacks allegations that Moving Defendants engaged in "a pattern of criminal profiteering activity." The act provides that a "pattern of criminal profiteering activity" means engaging in at least three acts of criminal profiteering within a five-year period. RCW 9A.82.010(12). To constitute a "pattern," the three acts "must have the same or similar intent, results, accomplices, principals, victims or methods of commission, or be otherwise interrelated by distinguishing characteristics including a nexus to the same enterprise, and must not be isolated events." A "pattern" of profiteering is usually required before any of the special civil remedies apply. *Winchester*, 135 Wn.2d at 850, 959 P.2d at 1083.

Finally, the Complaint fails to allege that Knecht sustained injury as a result of Moving Defendants' violation of the Criminal Profiteering Act. Indeed, the only purported "injury" alleged in the Complaint is related to the pending foreclosure. However, Knecht does not and cannot dispute that the foreclosure is the result of his failure to make required mortgage payments, and not any action taken by Moving Defendants.

---

[4] RCW 9A.40.100 criminalizes engaging in human trafficking for certain prohibited purposes.

[5] RCW 9A.82A.060 is Washington organized crime statute.

[6] RCW 9A.82.080 prohibits and criminalizes the use of proceeds of criminal profiteering.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## IV. CONCLUSION

Based on the foregoing legal authority and argument, Moving Defendants respectfully request that the Court dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice, on the grounds that the Complaint fails to state a claim upon which relief may be granted.

DATED this 3rd day of October, 2012.

By: /s *Frederick B. Rivera. WSBA #23008*
Frederick B. Rivera, WSBA #23008
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: FRivera@perkinscoie.com

Attorneys for Defendants
Mortgage Electronic Registration Systems Inc.; Deutsche Bank National Trust Co., as Trustee for GSR Mortgage Loan Trust 2006-0A1, Mortgage Pass-Through Certificates Series 2006-0A1; and American Home Mortgage Servicing Inc. (now known as Homeward Residential Inc.)

**CERTIFICATE OF SERVICE**

On October 3, 2012, I caused to be served upon counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the following document:

**DEFENDANTS' MOTION TO DISMISS**

| | | |
|---|---|---|
| Scott E. Stafne<br>Stafne Law Firm<br>239 N. Olympia Avenue<br>Arlington, WA 98223<br><br>***Attorney for Plaintiff*** | ☐<br>☐<br><br>☐<br>☐<br>☒ | Via hand delivery<br>Via U.S. Mail, 1st Class, Postage Prepaid<br>Via Overnight Delivery<br>Via Facsimile<br>Via E-filing |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington, October 3, 2012.

By: *s/ Frederick B. Rivera*
Frederick B. Rivera, WSBA #23008
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: FRivera@perkinscoie.com

Attorneys for Defendants
Mortgage Electronic Registration Systems Inc.; Deutsche Bank National Trust Co., as Trustee for GSR Mortgage Loan Trust 2006-0A1, Mortgage Pass-Through Certificates Series 2006-0A1; and American Home Mortgage Servicing Inc. (now known as Homeward Residential Inc.)



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000