1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

JOHN D. KNECHT,

                Plaintiff,

10

vs.

11

12  FIDELITY NATIONAL TITLE INSURANCE
COMPANY, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS INC.,
13  DEUTSCHE BANK NATIONAL TRUST CO.
AS TRUSTEE FOR GSR MORTGAGE LOAN
14  TRUST 2006-0A1, MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2006-
15  0A1, AMERICAN HOME MORTGAGE
SERVICING INC.
16

                Defendants.

17

NO. 2:12-CV-01575 RAJ

FIDELITY NATIONAL TITLE
INSURANCE COMPANY'S
MOTION TO DISMISS

Noted for Consideration: November
2, 2012

***Requesting Motion to Dismiss be
heard on October 26, 2012 with the
Defendants' Motion to Dismiss
noted for 10/26/12.***

18

19          **I.      INTRODUCTION AND RELIEF REQUESTED**

20          Fidelity National Title Company, Inc. ("Fidelity"), by and through its undersigned

21  counsel, moves this Court pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing the

22  plaintiff's complaint [Dkt. 2-1] with prejudice.

23          Plaintiff initiated this action to stall the now pending foreclosure of his real property

24  commonly known as 46020 SE Edgewick Road, North Bend, WA 98045 (the "Property").

25  Plaintiff fails to argue that he has paid or can pay his mortgage at all, and yet asks this Court to

FIDELITY NATIONAL TITLE
INSURANCE COMPANY'S
MOTION TO DISMISS-1

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

stop the foreclosure and award him damages under multiple failed theories of relief. Fidelity is merely the trustee in this matter, acting to initiate a foreclosure at the behest of the lawful beneficiary, and to initiate a sale of the Property when plaintiff stopped making his mortgage payments in January 2010. Other than being named trustee, Fidelity has no interest in the Property at all. There are simply no facts as pled that can possibly tie Fidelity to some massive collusion amongst all named defendants that plaintiff hopes to show by simply alluding to the presence of Mortgage Electronic Registration Systems ("MERS") on the deeds of trust related to the Property.

Each of plaintiff's arguments for recovery are unsound, and should be dismissed as to Fidelity with prejudice for failing to state a claim upon which relief can be granted.

## II.    FACTS

In April 2006, Knecht obtained a $315,000 residential mortgage refinance loan from lender American Brokers Conduit. [Dkt 2-1, pp. 1, 37.] Knecht signed a Promissory Note agreeing to make monthly payments beginning June 1, 2006 until paid in full. [*Id.*, pp. 37-42.] To secure the loan, Knecht executed a Deed of Trust granting a security on his home. [*Id.*, pp. 14-26.] The Deed of Trust secured repayment of the loan and all renewals and extensions of the note. [*Id.*] The Deed of Trust identified American Brokers Conduit as the "Lender" and MERS as a "separate corporation that is acting solely as a nominee for Lender and Lenders successors and assignees." [*Id.*, pp. 14-16.]

On April 12, 2010, an Assignment of Deed of Trust was recorded in the King County Official Records. [*Id.*, p. 44.] The Assignment recorded the transfer of the beneficial interest in the Deed of Trust from MERS to Deutsche Bank. [*Id.*]

**FIDELITY NATIONAL TITLE**
**INSURANCE COMPANY'S**
**MOTION TO DISMISS**-2

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

On September 16, 2010, Deutsche Bank, as the beneficiary, recorded an Appointment of Successor Trustee appointing Fidelity National Title Insurance Company ("Fidelity") as the new trustee under the Deed of Trust. [*Id.*, pp. 47-48.] Then, on October 26, 2010, Fidelity recorded a Notice of Trustee Sale. [*Id.*, pp. 50-53.] The Notice of Trustee Sale stated that Knecht had defaulted on the Promissory Note by failing to make payments since January 2010, resulting in a $17,551.68 balance in arrears, and set a foreclosure sale for January 28, 2011. [*Id.*] The sale was cancelled.

Fidelity, as the trustee, recorded a second Notice of Trustee Sale on September 14, 2011. [Dkt. 2-2, pp. 5-7.] The Notice of Trustee Sale identified Deutsche Bank as the beneficiary. [*Id.*, p. 5.] Fidelity later discontinued the sale. [Dkt. 2-2, pp. 11-12.]

On June 7, 2012, Fidelity recorded a third Notice of Trustee Sale in the King County Official Records, which set the foreclosure sale date for September 7, 2012. [*Id.*, pp. 14-17.] According to this last Notice, Knecht's mortgage loan was $36,278.53 in arrears and he owed late charges and advances totaling over $2,000. [*Id.*, p. 15.] The Notice of Trustee Sale again identified Deutsche Bank as the beneficiary of the Deed of Trust. [*Id.*, p. 14.]

Knecht filed this action in King County Superior Court on August 12, 2012 and obtained a preliminary injunction preventing the September 7, 2012 foreclosure sale. [Dkt. 9-1.] Moving Defendants removed the action to this court. [Dkt. 1.] The foreclosure sale remains on hold.

### III.    LEGAL AUTHORITY AND ARGUMENTS

#### A.    Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

FIDELITY NATIONAL TITLE
INSURANCE COMPANY'S
MOTION TO DISMISS-3

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

*Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).   While a complaint attacked by a FRCP 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* at 556, 127 S.Ct. 1955.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*   Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* at 557.

In a more recent case, the Supreme Court identified two "working principles" that underlie *Twombly. See Ashcroft v. Iqbal, ---U.S. ----,* 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).   First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.*   "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*   "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, **unless it determines that the pleading could not possibly be cured by the allegation of other facts.**" *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir.1990) (Emphasis added).   "The issue is not whether a plaintiff will ultimately prevail but

FIDELITY NATIONAL TITLE
INSURANCE COMPANY'S
MOTION TO DISMISS-4

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

whether the claimant is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir.2006) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

Furthermore, under FRCP 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bankruptcy*, 828 F.2d 1385, 1388 (9th Cir.1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 (9th Cir.2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005).

When a complaint fails to meet the minimum standard for showing a claim for relief, the action should be dismissed "at the point of minimum expenditure of time and money by the parties and the court." *William O. Gilley Enterprises v. Atlantic Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009).

**B.    Fidelity's Notices of Sale are valid because (1) it acted on behalf of the beneficiary Deutsche Bank without any involvement or instruction from MERS and (2) it complied with RCW 61.24.030 and .031.**

Plaintiff's argument that the Notices of Sale should be declared void simply because MERS was named at all on the deed of trust makes no sense at all, since MERS played no role in the actual appointment of Fidelity as trustee. Fidelity is the lawful trustee, without exception or error, as per the properly recorded September 16, 2010 Appointment of Successor Trustee. [Dkt., pp. 47-48.]   Somehow plaintiff also takes issue with a clerical error in the September 16,

FIDELITY NATIONAL TITLE
INSURANCE COMPANY'S
MOTION TO DISMISS-5

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

2010 Appointment of Successor Trustee, where RCW 61.24(b) is listed as the corporation authority [Dkt. 2-1]. Actually, RCW 61.24.**010**(b) is the express authority for Fidelity's proper qualifications as trustee under the Act, and such minor clerical error alone is no basis for any cause of action. Plaintiff makes no further mention of the error in fact, outside of the mere mention of it, and it clearly does not serve as a foundation for any of his alleged causes of action.

RCW 61.24.010(2) makes clear that "The trustee may resign at its own election **or be replaced by the beneficiary** ...." RCW 61.24.010(2). In this case Deutsche Bank was the lawful beneficiary and named Fidelity as trustee. Incidentally, Fidelity was the named trustee already in the original April 1, 2006 deed of trust, and so the appointment didn't change that. MERS has played no role in the foreclosure against Plaintiff, and yet Plaintiff seeks to bootstrap his situation to the *Bain*[1] decision in an attempt to (1) stall and/or reverse the pending foreclosure and (2) collect alleged damages for some wildly concocted scheme by all the named defendants to force him out of his home. The simple fact remains that Plaintiff has not alleged that he has or can make payments on his note, and thus cannot cure the default that is hugely in arrears and past due more than two (2) years.

1. **Since MERS is not the beneficiary attempting to foreclose, there is no controversy here for the Court to decide about whether Fidelity was the lawful successor trustee.**

The Complaint's First Cause of Act is for "Declaratory Judgment." [Dkt. 2-1, pp. 6-8.] Plaintiff asks the Court to enter a declaratory judgment providing, among other things:

(i)   That MERS is without lawful authority to act as a beneficiary under the Deed of Trust and that its assignment of the Deed of Trust to Deutsche Bank is void *ab initio*. Complaint, III.1.A.

---

[1] *Bain v. Metropolitan Mortgage Group, Inc.*, ---P.3d---, 2012 WL 3517326 (Wash., August 16, 2012).

FIDELITY NATIONAL TITLE
INSURANCE COMPANY'S
MOTION TO DISMISS-6

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

   (ii) **That the Notices of Trustees sale are invalid because they failed to comply with the Washington Deed of Trust Act and because trustee Fidelity was not the "lawful" successor trustee.** Complaint, III.1.D. (Emphasis added)

Again, Fidelity was already the named trustee in the 2006 deed of trust, four (4) years before the Appointment with which plaintiff takes issue. It makes no sense to argue that Fidelity had no authority as trustee (1) because it was already the trustee and (2) because Deutsche Bank appointed Fidelity in 2010, not MERS. Although the complaint is vague on details and specifics about Fidelity's involvement at all in his foreclosure, the allegation that MERS was involved obviously serves as the sole basis for the noncompliance with the WDTA issues. Any arguments about Fidelity not being the lawful successor because MERS had a hand in the appointment fail, since MERS did not make the appointment at all.

The Court should deny Plaintiff's request to determine whether MERS may act as a beneficiary because there is no justiciable controversy. Again, MERS is not the beneficiary attempting to foreclose and is not involved in the pending foreclosure Plaintiff seeks to enjoin. [*See* Dkt. 2-2, pp. 14-17.] Deutsche Bank is attempting to foreclose, and Fidelity is only acting at this beneficiary's behest. [*Id.*] Accordingly, even if this Court declared that MERS is not a proper beneficiary it would have no effect on the foreclosure. The only dispute is whether Deutsche Bank has met the foreclosure pre-requisites under the WDTA, and thus whether Fidelity could issue the requisite notices for default and sale.

The Declaratory Judgment Act allows a federal district court to issue declaratory relief only in "a case of actual controversy." 28 U.S.C. § 2201. A party seeking declaratory relief under the statute must present an "actual controversy" in order to satisfy the "case or controversy" requirement of Article III. 28 U.S.C. § 2201(a). A party must assert facts showing

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6ᵀᴴ AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant" relief. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The controversy must involve a matter that is substantial and concrete, that touches on the legal relations of the parties with adverse interests, and must be subject to specific relief through a decree of conclusive character. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937).

The Declaratory Judgment Act is not a device for courts to render advisory opinions and a plaintiff's request for such relief must be rejected. *See Aetna*, 300 U.S. at 240-41. Unless an actual controversy exists, the district court is without power to grant declaratory relief. *Daines v. Alcatel, S.A.*, 105 F.Supp.2d 1153, 1155 (E.D.Wash.2000) (quoting *Garcia v. Brownell*, 236 F.2d 356, 357-58 (9th Cir.1956)). Moreover, a claim for declaratory relief is a remedy, not a cause of action. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Here, there is no controversy between Plaintiff and MERS regarding the pending foreclosure. **MERS did not appoint Fidelity as the trustee** and is not involved in any aspect of the foreclosure. [*See* Dkt. 2-1, pp. 4-6; Dkt 2-2, pp. 14-17.] Deutsche Bank, not MERS, appointed Fidelity and authorized the carrying out of the foreclosure. [Dkt. 2-1, pp. 47-48.] The pending foreclosure is on behalf of Deutsche Bank alone. [Dkt. 2-2, pp. 14-17.] The active Notice of Trustee's Sale states that "[t]he current beneficiary is Deutsche Bank National Trust Company, as Trustee for GSR Mortgage Loan Trust 2006-0A1, Mortgage Pass-Through Certificates, Series 2006-0A1, (the 'Beneficiary')." [*Id.*, p. 14.]

FIDELITY NATIONAL TITLE
INSURANCE COMPANY'S
MOTION TO DISMISS-8

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

Because there is no controversy with MERS, Plaintiff's request for a declaratory judgment regarding Fidelity's issuing the Notices of Trustee Sale should be dismissed with prejudice. There are totally inadequate ties between MERS and Fidelity as pled, or as can even be conceivably pled, in this case to create a controversy worthy of declaratory relief of the type plaintiff seeks.

### 2.    The *Bain* decision is not relevant.

Plaintiff's case incorrectly leans heavily on *Bain*, the Washington Supreme Court's recent decision holding that MERS does not meet the definition of "beneficiary" under the WDTA. *Bain*, however, is not helpful to Plaintiff in this instance. The *Bain* court only decided whether MERS met the statutory definition of "beneficiary" and thus had authority to appoint a substitute trustee. "...[T]he primary issue is whether MERS is a lawful beneficiary with the power to appoint trustees within the deed of trust act if it does not hold the promissory notes secured by the deeds of trust." *Bain*, at p. 3. Here, unlike in *Bain*, **MERS did not appoint the trustee.** Instead, Deutsche Bank, the beneficiary attempting to foreclose, appointed the trustee who is foreclosing. [Dkt. 2-1, pp. 47-48.]

Further, the Complaint offers no factual allegations suggesting that Deutsche Bank is not a proper beneficiary. Instead, it only alleges that Deutsche Bank has not "proven" it is the beneficiary; however, there is no such legal requirement. Plaintiff must allege and prove his case. At a minimum, to survive a motion to dismiss the Complaint must allege specific facts asserting—in compliance with Fed. R. Civ. P. 11—that Deutsche Bank is not a "beneficiary" as defined under the WDTA.

FIDELITY NATIONAL TITLE
INSURANCE COMPANY'S
MOTION TO DISMISS-9

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

1   Plaintiff will likely argue that Deutsche Bank is not the beneficiary because MERS

2   lacked authority to record the Assignment of the Deed of Trust [Dkt. 2-1, pp. 44] documenting

3   that Deutsche Bank is the current beneficiary.  This argument misses the mark for two reasons.

4   First, the exercise of recording an Assignment of a Deed of Trust is not the means of determining

5   the beneficiary.  Rather, as the Washington Supreme Court made clear in *Bain*, the beneficiary is

6   not the entity identified in the public records, but the entity that meets the statutory definition of

7   "beneficiary" under the WDTA.  *See Bain* at pp. 28-29.  To state a claim for relief, therefore,

8   Plaintiff must assert specific facts showing that Deutsche Bank does not meet the definition of

9   "beneficiary" under the WDTA.  The Complaint fails to do so, and amendment would be

10  similarly fruitless in this regard.

11  The WDTA defines "beneficiary" as the "holder of the instrument or document

12  evidencing the obligations secured by the deed of trust." RCW 61.24.005(2).  A "holder" of a

13  promissory note is one who both possesses the note and either (a) the note has been made

14  payable to the person who possesses it or (b) the note is payable to the bearer of the note.  RCW

15  62A. 1-201(20).  Section 62A.3-301 provides that the entity entitled to enforce the note is "the

16  holder of the instrument."  The WDTA nowhere states that a recorded assignment of a deed of

17  trust is the method to determine the beneficiary.

18  Moreover, Deutsche Bank is the beneficiary under the Deed of Trust if the Promissory

19  Note has been transferred to Deutsche Bank, regardless of any recorded deed of trust

20  assignments.  Under Washington law, the security (the Deed of Trust) follows the debt (the

21  Note) as a matter of law.  *Bain*, at p. 22 ("Washington's Deed of Trust Act contemplates that the

22  security instrument will follow the note, not the other way around."); *see also*, 18 Wash. Prac. §

FIDELITY NATIONAL TITLE
INSURANCE COMPANY'S
MOTION TO DISMISS-10

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

18.20 (2d ed. 2010) ("[T]ransfer of the obligation . . . should carry the mortgage along with it. This is indeed the universal result in American law .... Washington decisions . . . support this proposition."); *Fid. & Deposit Co. v. Ticor*, 88 Wn. App. 64, 69 (1997); *Price v. N. Bond & Mortgage*, 161 Wash. 690, 695 (1931) ("[T]he note is considered the obligation, and the mortgage . . . passes with it."); *Nance v. Woods*, 79 Wash. 188 (1914) ("mortgage follows the note"); *Spencer v. Alki Point Transp.*, 53 Wash. 77, 90 (1909) ("[A]ssignment of the notes ipso facto passes the security.").

The Complaint is silent on these issues. It lacks sufficient factual matter that, if accepted as true, proves Deutsche Bank is not the beneficiary.

Second, Plaintiff lacks standing to challenge the validity of the recorded Assignment of Deed of Trust because he is not a party to that agreement. As courts in other states have held, an assignment of mortgage "is a contract between the assignor and assignee, and is interpreted or construed according to rules of contract construction." *City of Hartford v. McKeever*, 2010 WL 4942784, at 3 (Conn. Super. Ct., Nov. 9, 2010) (citation omitted)). In *In re MERS Litigation* No. 09-2119-JAT (D. Ariz. Sept. 30, 2011), the court held that "Plaintiffs, as third-party borrowers, are uninvolved and unaffected by the alleged Assignments, and [do] not possess standing to assert a claim based on such." Similarly, in *Caraang v. Aurora Loan Services,* the U.S. District Court for the District of Hawaii dismissed a challenge to a MERS assignment on the grounds that the plaintiffs did not have standing to challenge the assignment because they were not parties to the assignment and were not intended beneficiaries of the assignment. *Caraang*, No. 11-00312 (D. Haw. Jan. 27, 2012); *see also Silving v. Wells Fargo,* No. 11-676 (D. Ariz. Jan. 18,

FIDELITY NATIONAL TITLE
INSURANCE COMPANY'S
MOTION TO DISMISS-11

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

2012)(borrowers lack standing to challenge a substitution of trustee and that the borrowers failed to show any injury from MERS execution of the document).

The Complaint fails to sufficiently allege facts suggesting that Deutsche Bank is not the Deed of Trust "beneficiary" under the WDTA, or that Fidelity has no standing to issue the Notices of Sale. Moreover, to the extent Plaintiff attempts to attack the recorded Assignment of Deed of Trust, he lacks standing to do so. Accordingly, Plaintiff's cause of action to restrain the foreclosure must be dismissed.

3.   **The Pending Foreclosure Complies with the WDTA's Notice of Trustee's Sale Requirements.**

Plaintiff's second cause of action [Dkt. 2-1, p. 8] alleges that the pending foreclosure sale is invalid because it does not comply with WDTA's provision limiting continuances of a trustee's sale by no more than 120 days from the date of the originally schedule sale under the Notice of Trustee's Sale. *See* RCW 61.24.040(6). The claim fails based on the record before the Court.

In this instance, Fidelity recorded on June 7, 2012 a "Notice of Trustee's Sale Pursuant to Revised Code of Washington Chapter 61.24 ET. SEQ." [Dkt. 2-2, pp. 14-17.] The Notice scheduled the sale for September 7, 2012. [*Id.*] Pursuant to 61.24.040(6), the trustee may continue the sale for 120 days from September 7, 2012 (January 7, 2013). The sale is not late, and Fidelity has in fact strictly complied with the WDTA.

Importantly, even if the above were not true and there was non-compliance with the statute, there is no cause of action here for damages against Fidelity for such mistake. First and foremost, plaintiff would have to establish that he could have paid the past-due mortgage, and also that he could do so now. Second, the remedy plaintiff seeks in this regard must be solely an

FIDELITY NATIONAL TITLE
INSURANCE COMPANY'S
MOTION TO DISMISS-12

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6ᵀᴴ AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

injunction/stop of the sale, and not an award of damages since statute fails to provide for that, anyhow.   Presumably, plaintiff wants a permanent injunction and the property back with no future obligation to pay anything.   Irrespective of such interests, Fidelity has complied with the WDTA in the final notice, as the January 7, 2013 sale is timely.

**E.     Plaintiff's WCPA Claims Fail As a Matter of Law.**

Plaintiff alleges that Fidelity (and all the Defendants) violated the Washington Consumer Protection Act, RCW 19.86.010, *et seq.* ("WCPA").   Although the Complaint's factual basis for this claim is muddled, Plaintiff appears to rest on (1) MERS role as the nominee for the beneficiary in the original Deed of Trust and (2) AHMSI's loan modification efforts.   [*See* Dkt. 2-1, pp. 2-3, 10.]

The WCPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."   RCW 19.86.020.   In order to prove a WCPA claim, a private plaintiff must satisfy **all** of the following required elements:   (1) the defendant engaged in an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) that impacts the public interest, (4) that injured plaintiff's business or property, and (5) which injury is causally related to the unfair or deceptive act.   *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 37, 204 P.3d 885 (2009); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986).   Failure to satisfy each element is fatal to a WCPA claim.   *Hangman Ridge*, 105 Wn.2d at 793.

First, the WCPA claim must be dismissed because the Complaint fails to allege facts showing injury or causation.   A plaintiff must allege facts demonstrating that his or her injuries were caused by the deceptive practice.   To prove causation, the "plaintiff must establish that, but

FIDELITY NATIONAL TITLE
INSURANCE COMPANY'S
MOTION TO DISMISS-13

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 84, 170 P.3d 10 (2007).   In *Bain*, the Court explained that with regard to a WCPA claim against MERS, causation necessarily depends upon the facts of a particular case. *Bain* at 38.

Here, the Complaint fails to identify any injury purportedly suffered by Plaintiff because of the allegedly deceptive practices.   Instead, the Complaint merely recites the WCPA requirements.   [*See* Dkt. 2-1, p. 10.]   In addition, while the Complaint includes a generic assertion of "Resulting Damages," the Complaint fails to assert how any actual injuries suffered by Plaintiff were caused by a deceptive practice committed by the Fidelity, including the allegedly improper characterization of MERS as a beneficiary on the Deed of Trust.   [*See e.g., id.*, p. 11-12.]

Second, the WCPA claim against Fidelity fails for the additional reason that the Complaint does not sufficiently allege that either engaged in an unfair or deceptive practice. Although the WCPA does not define unfair or deceptive act, Washington courts have interpreted the term to mean an act or practice that "misleads or misrepresents something of material importance," *Holiday Resort Cmty. Ass'n v. Echo Lake Assocs.*, 134 Wn. App. 210, 226, 135 P.3d 499 (2006), or is "immoral, unethical, oppressive, or unscrupulous." *Blake v. Fed. Way Cycle Ctr.*, 40 Wn. App. 302, 311, 698 P.2d 578 (1985) (internal citations omitted).

With respect to Fidelity, the Complaint lacks sufficient factual allegations to meet this requirement. Instead, the Complaint primarily relies on a recital of the WCPA requirements and a general statement that they are met. [Dkt. 2-1, p. 10.] Again, Fidelity is merely the trustee in this matter, and has no interest outside that designation in the Property at all.  Fidelity is not

FIDELITY NATIONAL TITLE
INSURANCE COMPANY'S
MOTION TO DISMISS-14

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

foreclosing on a deed of trust. It is only the trustee here, appointed by the beneficiary Deutsche Bank; its role is limited to carrying out the sale, without any interest in what happens to the Property. In this instance, Fidelity strictly complied with the WDTA in sending notices and initiating a foreclosure after Plaintiff failed to pay his mortgage, and now is being sued by the same defaulting individual under the CPA for claims that wildly miss the mark

F.   **Plaintiff's Washington Criminal Profiteering Act Claim is Without Merit.**

Plaintiff claims that the Fidelity (and all the Defendants) engaged in criminal profiteering entitling him to damages and equitable relief under the Washington Criminal Profiteering Act, Chapter 9A.82 RCW.

RCW 9A.82.100(1)(a) provides a private action for a person who has sustained injury to his business or property by an act of "criminal profiteering that is part of a pattern of criminal profiteering activity, or by an offense defined in RCW 9A.40.100, or by a violation of RCW 9A.82.060 or 9A.82.080… ." In sum, the Criminal Profiteering Act requires proof that the defendant engaged in (i) activity that violated a statute identified in the act; **or** (ii) "criminal profiteering that is part of a pattern of criminal profiteering activity" **and** (iii) proof that the plaintiff sustained injury; **and** (iv) proof that the defendant's violation caused such injury. Here, the Complaint fails on all counts.

The Complaint does not allege a violation of RCW 9A.40.100[2], RCW 9A.82.060[3] or RCW 9A.82.080[4]. Nor does the Complaint allege "criminal profiteering" activity, which is defined in the statute as the commission, or attempted commission of a number of felonies,

---

[2] RCW 9A.40.100 criminalizes engaging in human trafficking for certain prohibited purposes.
[3] RCW 9A.82A.060 is Washington organized crime statute.
[4] RCW 9A.82.080 prohibits and criminalizes the use of proceeds of criminal profiteering.

FIDELITY NATIONAL TITLE
INSURANCE COMPANY'S
MOTION TO DISMISS-15

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

including murder, robbery, kidnapping, forgery, theft, child selling, bribery, and extortion. RCW 9A.82.010(4).

The Complaint also lacks allegations that Fidelity engaged in "a pattern of criminal profiteering activity." The act provides that a "pattern of criminal profiteering activity" means engaging in at least three acts of criminal profiteering within a five-year period. RCW 9A.82.010(12). To constitute a "pattern," the three acts "must have the same or similar intent, results, accomplices, principals, victims or methods of commission, or be otherwise interrelated by distinguishing characteristics including a nexus to the same enterprise, and must not be isolated events." A "pattern" of profiteering is usually required before any of the special civil remedies apply. *Winchester*, 135 Wn.2d at 850, 959 P.2d at 1083.

Finally, the Complaint fails to allege that Plaintiff sustained injury as a result of Fidliety's violation of the Criminal Profiteering Act. Indeed, the only purported "injury" alleged in the Complaint is related to the pending foreclosure. However, Plaintiff does not and cannot dispute that the foreclosure is the result of his failure to make required mortgage payments, and not any action taken by any defendant, let alone Fidelity.

## IV.   CONCLUSION

Based on the foregoing legal authority and argument, Fidelity respectfully requests that the Court dismiss the Complaint as to Fidelity pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice, on the grounds that the Complaint fails to state a claim upon which relief may be granted.

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

1 | DATED this 10th day of October, 2012.

2
3
4
5
6
7
8
9
10

FIDELITY NATIONAL LAW GROUP

Daniel A. Womac, WSBA #36394
Fidelity National Law Group
The Law Division of Fidelity National
    Title Group, Inc.
1200 Sixth Avenue, Suite 620
Seattle, WA  98101
(206) 224-6004
(206) 223-4527 – FAX
*Attorneys for Defendant Fidelity National*
*Title Insurance Company*

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

FIDELITY NATIONAL TITLE
INSURANCE COMPANY'S
MOTION TO DISMISS-17

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

**CERTIFICATE OF SERVICE**

I hereby certify that on the date given below I caused to be served the foregoing –

MOTION TO DISMISS AND PROPOSED ORDER TO DISMISS on the following individuals

in the manner indicated:

Scott E Stafne
Stafne Law Firm
239 N. Olympia Avenue
Arlington, WA 98223
*Attorney for Plaintiff*

|   | |
|---|---|
|   | U.S. MAIL |
|   | LEGAL MESSENGER |
|   | EMAIL |
|   | HAND DELIVERED |
| X | EXPRESS DELIVERY |
|   | FACSIMILE |

Frederick B. Rivera
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
*Attorney for Defendants:*
*Mortsaie Electronic Registration Systems Inc'i*
*DeutJchl Bank National Trust Co , as Trustee*
*for GSR Mortgage Loan Trust 2006-041 .*
*Mortp,age Pass-T-hrough Certificates Series*
*2006:041: and American Home Mortgage*
*Servicing Inc. (now known as Homeward*
*Residential Inc.)*

|   | |
|---|---|
|   | U.S. MAIL |
| X | LEGAL MESSENGER |
|   | EMAIL |
|   | HAND DELIVERED |
|   | EXPRESS DELIVERY |
|   | FACSIMILE |

**SIGNED** this 10th day of October, 2012.

*Patricia Burnichon*
Patricia Burnichon, Legal Assistant

FIDELITY NATIONAL TITLE
INSURANCE COMPANY'S
MOTION TO DISMISS-18

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525