THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JOHN D. KNECHT, an unmarried man,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY NATIONAL TITLE<br>INSURANCE COMPANY, et al.,<br><br>Defendants. | NO. 2:12-cv-1575 RAJ<br><br>PLAINTIFF'S RESPONSE TO<br>DEFENDANTS' MOTION TO DISMISS<br><br>NOTED FOR CONSIDERATION:<br>FRIDAY, OCTOBER 26, 2012<br><br>ORAL ARGUMENT REQUESTED |

COMES NOW Plaintiff John D. Knecht ("Knecht") and Responds to the Fed. R. Civ. P. 12(b)(6) motion by Mortgage Electronic Registration System, Inc. ("MERS"); Deutsche Bank National Trust Co. as Trustee for GSR Mortgage Loan Trust 2006-0A1, Mortgage Pass-Through Certificates, Series 2006-0A1 ("Deutsche Bank"); and America Home Mortgage Servicing, Inc. ("AHMSI")(collectively "MERS Defendants"). The Trustee also moved to dismiss under Knecht's particular claims against the Trustee, and are more fully briefed in Knecht's response to Fidelity National Title Company, Inc. ("Fidelity") Motion to the Dismiss. (Trustee's MTD)(Dkt. 11). Regarding the companion motion made by Defendant Fidelity Knecht has no issue with simultaneous consideration of both motions.

S T A F N E   L A W   F I R M
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM.COM

# I. RESPONSE TO INTRODUCTION

This case has been removed to federal court based on MERS defendants' claim that this Court has diversity jurisdiction.

Knecht's complaint against MERS is not, as MERS defendants contend, limited to MERS transfer of its purported beneficial interest to Deutsche Bank.  Knecht challenges go to the MERS system.  For purposes of this motion the "MERS system" is defined as non-judicial foreclosures purportedly brought pursuant to the DTA which 1.) are based on an illegal MERS four party deed of trust (DOT) instrument and 2.) do not timely disclose as part of the non-judicial foreclosure process the identity of the true note owner, i.e. "stakeholder" with regard to obligation which is being secured by the DOT.

MERS defendants wrongly contend in their introduction there is no private right of action pursuant to the Criminal Profiteering Act. MD MTD, 2:27-38. <u>See</u> RCW 9A.82.100 (Statutory provision specifically allowing a private right of action.) Unfortunately, MERS defendants' motion frequently presents this Court with false statements and meritless arguments about the law.

MERS defendants also claim Knecht's complaint does not assert a valid claim under the Washington Consumer Protection Act, RCW Ch. 19.86 (CPA).  But this assertion appears to be based on MERS defendants' misconception about the nature of Knecht's claims as not encompassing a broad challenge to the MERS system and DOT forms.  Knecht requests that the Court deny MERS defendant's motion on the grounds that he has asserted plausible claims related to whether the parties are complying with the DTA and/or are entitled to enforce his four party Deed of Trust (DOT) pursuant to the DTA.

PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 2

**S T A F N E   L A W   F I R M**
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM.COM

## II. RESPONSE TO STATEMENT OF FACTS

Knecht incorporates herein his complaint and exhibits thereto. With regard to the exhibits, the promissory note Knecht signed specifies that he shall pay the original lender and then "anyone who takes this Note by transfer and who is entitled to receive payments…" See Compl. Ex. 2, ¶¶ 1-12. The DOT is a four party instrument which states, among other things, "MERS is the beneficiary under this Security Instrument". Compl., Ex. 1, p. 2, ¶ E.

Knecht alleges that Deutsche Bank has not shown that it is the note owner or beneficiary of the DOT. MERS defendants claim they do not have to identify the note owner or beneficiary under the DOT. Knecht claims the identity of the beneficiary and note owner has been obfuscated by the MERS system, which violates the DTA "by the complex use of subsidiary corporations, affiliates, and agencies of financial institutions." Compl., p. 10:1-2.

Knecht filed this action alleging procedural and substantive violations of the DTA, Declaratory and Injunctive Relief, Damages, Quiet Title, CPA and Criminal Profiteering in King County Superior Court. See generally, Compl. at 1. He then filed and served this action and attempted to notify the Trustee of his intent to restrain the sale. See id.; Verification of State Court Records (dkt. 2-4) at **219-220. Knecht then obtained a restraining order and order to show cause why a preliminary injunction should not issue from Court Commissioner Carlos Velategui. Verification of State Court Records (dkt. 2-4) at **224-226. Subsequently, Knecht obtained which enjoined the sale until: "trustee provides prima facie evidence as to authority to bring a sale". See dkt. 9-1 at *1.

Thereafter, MERS Defendants removed this action (Dkt. 6) and then brought this motion to dismiss. See Dkt. 10. Thereafter, Fidelity also moved to dismiss pursuant to Fed.

S T A F N E   L A W   F I R M
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM.COM

R. Civ. P. 12(b)(6) joining in many of MERS Defendants' arguments. <u>Compare</u> Trustee's MTD at 5:18-10:12, 11:11-12:8 <u>with</u> MD MTD at 5:9-7:30, 11:38-15:28.

### III. ARGUMENT AND AUTHORITY

**A. Motion to Dismiss Standard**

Under Fed. R. Civ. P. 12(b)(6) the Court assumes the facts set forth in the complaint are true and its task is to determine whether those facts set forth a plausible cause of action. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937; 173 L. Ed. 2d 868 (2009). _For purposes of ruling on a motion to dismiss, the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. Fed. R. Civ. P. 12(b)(6); <u>see</u> <u>Warth v. Seldin</u>, 422 U.S. 490, 501, 422 U.S. 490; 95 S. Ct. 2197 (1975) At the same time, it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive, e.g., of plaintiff's standing. If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed. <u>Warth,</u> 422 U.S. at 501-502. When an area of the law involved is in the process of development, courts are reluctant to dismiss an action on the pleadings alone by way of such a motion. <u>See</u> <u>Haberman v. Wash. Pub. Power Supp. Sys</u>., 109 Wash.2d 107, 120, 744 P.2d 1032 (1987).

As discussed below, Knecht has asserted plausible claims in an area of law under development, and if his complaint, filed in State Court, does not conform to the pleading standards under <u>Iqbal</u>, then he should be allowed to amend his complaint.

**STAFNE LAW FIRM**
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM.COM

**B. Movants misstate the allegation predicated on violations of the DTA and declaration of rights under the contract pursuant to RCW 7.24.020**

In their Motion at Section B, the moving defendants assert superficially similar statements imitating the complaint in the hopes that the Court will decline to read it or accept their disambiguation of Knecht's allegations. See Dkt. 10, 5:11-32. Specifically: Movants describes "First Cause of Act <sic>" as "Declaratory Relief" and rewrite the Complaint at III.1.A, III.1.B, III.1.D, III.1.F and G as MD MTD at (i), (ii), (iii), (v). Id. MD MTD then states each of these matters "is addressed below". Id. at 5 (but it provides only three subheadings under its Section B and it does little in citation to the actual complaint, in its argument, to identify which section they are discussing). Further, it appears to postpone any discussion on whether the assignment from MERS to Deutsche Bank was valid until MD MTD at 13:33-14:49 (Stating the complaint "is silent on these issues"), and fails to address altogether whether the Notices of Trustee Sale are valid. See generally, Id. at 10-19.

Such issues aside, movant describes Knecht's statements in such a way that they can argue: (1) one or more of Knecht's assertions are not justiciable controversies (MD MTD at 5:34-7:30, 9:43-10:22); (2) Knecht is attempting to assert a claim where there is no private cause of action; and (3) no grounds for relief against AHMSI. (MD MTD at 7:31-9:42). But as discussed below, this tactic should not prevail in justifying dismissal.

**1. Movants Mistake Plaintiff's allegations in III.1., which are predicated on MERS as the Foreclosing Party because Knecht's allegation is Deutsche Bank cannot claim beneficiary status from MERS, not MERS is performing the Sale.**

It is a bit unclear as to what statement in the complaint Movant's "[t]here is no justiciable controversy regarding MERS because MERS is not involved in the foreclosure" is directed at. The only citation to the complaint can be found in this section is to "Compl., at

S T A F N E   L A W   F I R M
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM.COM

*4-6". <u>See</u> MD MTD at 7:11-17. Presumably, the moving defendants assertions are directed at the Complaint at § III.1.A. <u>See</u> Id. at 5:11-12, 5:26-40. Here Movants are attacking a straw man, i.e., setting up and defeating a self-made argument. <u>See</u> Id. at 5:34-7:21 (citing only 2-1 pp. 4-6); <u>contra.</u>, <u>e.g.</u>, Compl. at 2:13-23, 3:9-10..[1] In doing so, defendants make two erroneous assumptions:

      First, Defendants arguments (MD MTD at 6:5-7:29 and FMSD at 7:12-9:6) assume that a State Court action requesting declaratory relief is based on the Federal Declaratory Judgment Act. Knecht filed his complaint in State Court.  This was an appropriate device for obtaining declaratory relief under state law.  RCW Ch. 7.24 RCW. Secondly, Knecht's Complaint[2] does not concern a MERS performance of a foreclosure. Rather the allegation at § III.1.A concerns a foreclosure predicated on a party claiming beneficiary status through MERS assignment, where MERS has no beneficiary interest to assign. Allegations at §§ III.1.C, D, E, relate to Deutsche Bank's right or authority to request Fidelity commence foreclosure against Knecht, and Fidelity's authority to commence it under the DTA. As discussed below these assumptions are not grounds for dismissal.

**i. Defendants conflate Knecht's Deed of Trust's compliance with the DTA as an Action under Declaratory Judgment Act (28 U.S.C. § 2201) when it is brought as a State action under Uniform Declaratory Judgments Act (RCW Ch. 7.24 RCW)**

      The court should decline movants' invitation to conflate Knecht's claims as seeking Federal Declaratory relief under 28 U.S.C. § 2201. Their confusion is a red herring. Washington's Uniform declaratory judgments act (UDJA) permits:

---

[1] Knecht will concede that his statement under "Injunctive Relief" that "MERS's appointment of defendant Fidelity as successor trustee is invalid" (dkt 2-1 at 9:6-7) is incorrect. As the next statement evidenced, Knecht challenges any of the defendant's ability (under a MERS system) to appoint a successor trustee, as <u>Bain</u> would require such a person to be a beneficiary within the meaning of the act (further, and unrelated, is whether Fidelity can even qualify as a trustee under RCW 61.24.010).
[2] Complaint at § III.1.A, as well as, §§ III.1.B-G.

**STAFNE LAW FIRM**
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM.COM

> A person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

RCW 7.24.020. The UDJA is to be liberally construed and is designed to clarify uncertainty with respect to rights, status, and other legal relations. DiNino v. State, 102 Wash.2d 327, 330, 684 P.2d 1297 (1984). The standard for justiciable controversy under the UDJA is different, specifically:

> [***] four elements must be present to have a justiciable controversy: "(1) an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive."

Master Builders Ass'n of King & Snohomish Counties v. City of Stanwood, 2005 U.S. Dist. LEXIS 33449, 3-4 (W.D. Wash. Sept. 6, 2005); see also, Jehovah's Witnesses of Washington v. King County Hospital, 278 F. Supp. 488, 506 (W.D. Wash. 1967)(applying abstention doctrine to deny plaintiff federal forum, where plaintiffs sought such); c.f., Massachusetts v. V & M Management, Inc., 929 F.2d 830 (1991) (Court may permit plaintiff to amend complaint so as to allege only state-law claims for purpose of returning to state forum); See generally, 118 East 60th Owners, Inc. v. Bonner Properties, Inc., 677 F.2d 200, 204-06 (1982)(for discussion on whether 28 U.S.C. § 2201 conflicts with State declaratory judgment act).[3] Here defendants fail to demonstrate how this standard is not met.

---

[3] If the Federal Court lacks subject matter jurisdiction to hear Knecht's RCW 7.28.020 claim then seeking to determine whether the Deed of Trust's complies with the DTA, the classical, and appropriate, course of action is abstention not dismissal. See e.g., Alcala v Wyoming State Bd. of Barber Examiners, 365 F. Supp 560 (1973)

PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 7

S T A F N E   L A W   F I R M
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 / STAFNELAW.COM

Further, it is worth noting that Knecht seeks another "special proceeding" under Title 7 of Washington Statutes, Quiet Title. See RCW 7.28.010[4]. Under his DOT, Knecht covenanted to generally warrant and defend his seized title against all claims and demands. See Compl., Ex. 1 at *4. If he cannot ascertain that Deutsche Bank now occupies the role of "Lender or Lenders Successors or Assigns under the Instrument" (Ex. 1 at *2, 3), and has not been given reasonable notice of sale of the note (Ex. 1 at *12)[5], then it is proper for him, as a person having ownership interest and possession to bring an action against persons claiming such contingent interest.

**ii. Knecht Presents Justiciable Controversy Against Deutsche Bank**

The Washington Supreme Court discussed "MERS system of non-judicial foreclosures" in Bain v. Metropolitan Mortgage Group, Inc., 175 Wash.2d 83, __ P. 3d __(2012). Justice Chambers writing for a unanimous Supreme Court openly queried whether the MERS system of non-judicial foreclosures complied with the second policy of the DTA:

> Critics of the MERS system point out that after bundling many loans together, it is difficult, if not impossible, to identify the current holder of any particular loan, or to negotiate with that holder. While not before us, we note that this is the nub of this and similar litigation and has caused great concern about

---

[4] (where the existence of many corollary questions which might render opinion merely advisory in nature, led federal court, in exercise of its sound judicial discretion, to abstain from deciding constitutionality of statute.) The Court may also look to the "foreign" status of Defendant Fidelity in determining whether diversity is appropriate.

[4] RCW 7.28.010 States:
Any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court of the proper county, to be brought against the tenant in possession; if there is no such tenant, ***then against the person claiming the title or some interest therein, and may have judgment in such action quieting or removing a cloud from plaintiff's title*** [***]
RCW 7.28.010.

[5] Knecht's Deed of Trust states "[t]he Note or partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." Conflating "prior" with "no" notice would be erroneous. See Compl. at Ex. 1.

**S T A F N E   L A W   F I R M**
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 / STAFNELAWFIRM.COM

possible errors in foreclosures, misrepresentation, and fraud. Under the MERS system, questions of authority and accountability arise, and determining who has authority to negotiate loan modifications and who is accountable for misrepresentation and fraud becomes extraordinarily difficult. [7] The MERS system may be inconsistent with our second objective when interpreting the deed of trust act: that "the process should provide an adequate opportunity for interested parties to prevent wrongful foreclosure."….

Id., at 92-3. The Supreme Court's decision also discounts the notion that a non-judicial foreclosure under the DTA can be conducted without the disclosure of the identities and addresses of the actual note owner and servicer:

MERS insists that borrowers need only know the identity of the servicers of their loans. However, there is considerable reason to believe that servicers will not or are not in a position to negotiate loan modifications or respond to similar requests. See generally Diane E. Thompson, *Foreclosing Modifications: How Servicer Incentives Discourage Loan Modifications*, 86 Wash. L. Rev. 755 (2011); Dale A. Whitman, *How Negotiability Has Fouled Up the Secondary Mortgage Market, and What To Do About It*, 37 Pepp. L. Rev. 737, 757-58 (2010). Lack of transparency causes other problems. See generally U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 941 N.E.2d 40 (2011) (noting difficulties in tracing ownership of the note).

Id. at Note 7.[6]

Our Supreme Court has indicated that under the DTA foreclosure process, proof of note ownership must be provided by the beneficiary to the trustee and the identity and address of the owner of the note must be disclosed to the borrower. In Bain, the Court declared that these provisions were critical to the DTA.

Critically under our statutory system, a trustee is not merely an agent for the lender or the lender's successors. Trustees have obligations to all of the parties to the deed, including the homeowner. RCW 61.24.010 (4). ("The trustee or successor trustee has a duty of good faith to the borrower, beneficiary, and grantor."); [cite]  ("[A] trustee of a deed of trust is a fiduciary for both the mortgagee and mortgagor and must act impartially between them." Among other things, "*the trustee shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust*" and

---

[6] Each of the authorities cited in note 7 is attached to this Response for the Court's review.

S T A F N E   L A W   F I R M
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM.COM

*shall provide the homeowner with "the name and address of the owner of any promissory notes or other obligations secured by the deed of trust" before foreclosing on an owner-occupied home.* RCW 61.24.030 (7)(a), 8(*l*).

Bain, at 93-4; see also, RCW 61.24.040(1) (c), (d), (e), (f), and (g).

Knecht contends the reason MERS defendants and the trustee do not comply with these statutory requirements relating to the disclosure of "stakeholders" is because MERS non-judicial foreclosures are based on a four party deed of trust instrument, which by design obscures the identity of the owners of the note in order to make it appear as if MERS owns the DOT. The issue before this Court with regard to the MERS defendants is precisely the one the Supreme Court identified in Bain:

> The question, to some extent, is whether MERS and its associated business partners and institutions can both replace the existing recording system established by Washington statutes and still take advantage of legal procedures established in those same statutes. ...

Bain, at*98. Even if the Court applies the Aetna standard, Knecht's claims are cognizable because he is not asking for an advisory opinion on whether MERS can foreclose, rather he seeks a determination of whether Deutsche Bank can foreclose under the MERS system and/or whether MERS assignment constitutes proof sufficient under RCW 61.24.030(7)(a).

**2. Response to "MERS did not violate RCW 40.16.030, a criminal statute.  (MD MTD, 7:31-8:41.**

MERS defendants argue, among other things, that they cannot be held to have violated a criminal statute because: "this Court, prior to *Bain* <sic>, referred to Knecht's argument disputing authority to act under a Deed of Trust in which it was identified as the beneficiary as 'baffling'." MD MTD, p. 9:1-42. The fact that federal courts misconstrued Washington law

PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 10

**S T A F N E   L A W   F I R M**
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM.COM

by failing to consider the actual language of Washington's DTA's definition of "beneficiary"[7]

is not a basis for allowing MERS associated entities to break the law as Federal Courts have a

duty to follow a State Supreme Court's interpretation of its state's statutes. Huddleston v.

Dwyer, 322 U.S. 232, 64 S.Ct. 1015, 88 L.Ed. 1246 (1944). This is especially so where, as

here, former federal precedent has been rejected by the State Supreme Court. Jones-Hamilton

v. Beazer Materials & Services, 973 F.2d 688, 696 n. 4 (9th Cir. 1992); Owen v. United

States, 713 F.2d 1461, 1464 (9th Cir. 1983).

> The Washington Supreme Court did not find the issue of whether MERS could be

beneficiary perplexing under the DTA.

> MERS argues, strenuously, that as a matter of public policy it should be
> allowed to act as the beneficiary of a deed of trust because "the Legislature
> certainly did not intend for home loans in the State of Washington to become
> unsecured, or to allow defaulting home loan borrowers to avoid non-judicial
> foreclosure, through manipulation of the defined terms in the [deed of trust]
> Act." Resp. Br. of MERS at 23 (Bain). One difficulty is that it is not the
> plaintiffs that manipulated the terms of the act: it was whoever drafted the
> forms used in these cases.

Bain, at 108-9.

---

[7] In responding to MERS arguments that this federal district Court had found MERS could be a beneficiary where it never held the promissory note, the Supreme Court declined to follow such precedent.

> Unfortunately, we could find no case, and none have been drawn to our attention, that
> meaningfully discusses a statutory definition like that found in RCW 61.24.005(2). MERS
> asserts that "the United States District Court for the Western District of Washington has
> recently issued a series of opinions on the very issues before the Court, finding in favor of
> MERS." Resp. Br. Of MERS at 35-36 (Bain) (citing Daddabbo v. Countrywide Home Loans,
> Inc., No. C09-1417RAJ, 2010 WL 2102485 (W.D. Wash. May 20, 2010) (unpublished); St.
> John v. Nw Tr. Ser., Inc., No. C11-5382BHS, 2011 WL 4543658 (W.D. Wash. Sept. 29, 2011,
> Dismissal Order) (unpublished); Vawter v. Quality Loan Servicing Corp. of Wash., 707 F.
> Supp. 2d 1115 (W.D. Wash. 2010)). These citations are not well taken. Daddabbo never
> mentions RCW 61.24.005(2). St. John mentions it in passing but devotes no discussion to it.
> 2011 WL 4543658, at *3. Vawter mentions RCW 61.24.005(2) once, in a block quote from an
> unpublished case, without analysis. We do not find these cases helpful.

Bain, at 109. Similarly, the Washington Supreme Court dismissed or distinguished federal appellate authority; for e.g., Hovarth v. Bank of N.Y., NA, 641 F.3d 617 (4th Cir. 2011) UCC analysis "unhelpful" in determining meaning of Virginia DTA. Bain at 105 -06 (also distinguishing Cervantes v Countrywide Home Loans, Inc., 656 F. 3d 1034 (9th Cir. 2011)) ("Nowhere in Cervantes does the Ninth Circuit suggest that the parties could contract around the statutory terms.")

S T A F N E   L A W   F I R M
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM.COM

Knecht does not agree with MERS defendants that the only way to obtain a remedy for a violation of RCW 40.16.030 is by judicial creation of a private cause of action. <u>Jackowski v Borchelt</u>, 174 Wash.2d 720, 278 P. 3d 1100 (2012)(Statutory duty can be basis of tort duty). In this case, defendants admit they have violated the duty imposed by this criminal statute under the rule of law set forth in <u>Bain</u>, but assert "who would have thought the Washington Supreme Court would have followed the letter of the law".

Knecht's complaint does not just allege that MERS purported to assign the beneficial interest in the DOT, it claims MERS purported to assign an interest in a promissory note it never owned or possessed. Compl., 2:16-19, Ex. 3. Further, Knecht alleges that the documents were robo-signed and then recorded (<u>see</u> Compl., at 4:17-5:8); thereby clouding the title to his property for purposes of pursuing an illegal MERS system non-judicial foreclosure.

Knecht also contends that under the facts of this case, he meets the standards for bringing a private right of action against the MERS defendants and the trustee. MERS arguments that RCW 40.16.030 is not intended to protect homeowners, but only municipal authorities and innocent third parties is without merit. As the Supreme Court noted in <u>Bain</u>, why should we allow MERS and its associated business partners and institutions to utilize our recording system in a way that disadvantages Washington citizens and property owners. MERS defendants give this Court no basis for holding that the statute which criminalizes <u>the recording</u> of false or forged documents was not enacted for the benefit of those persons most likely to be injured by such crime.

**3. Response to: There are no grounds for relief against AHSMI.** (MD MTD, 9:44-10:22)

Knecht's complaint alleges AHMSI employees robo-signed documents appointing a successor trustee on behalf of Deutsch Bank without any authority to do so. Compl., 3:15-17.

PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 12

**S T A F N E   L A W   F I R M**
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM.COM

The complaint also states that AHMSI sent Knecht written communications to enter into a home/retention loan modification under the guise it had authority to foreclose under the DOT, when it did not have such authority. Compl., 3:15-17-4:3. These are common servicer processes, which are designed to benefit servicers at the expense of borrowers and note holders.  See e.g. Diane E. Thompson, *Foreclosing Modifications: How Servicer Incentives Discourage Loan Modifications*, 86 Wash. L. Rev. 755, 777-8, 794-6 (2011).  As will be shown *infra*., these allegations, as well as those relating to AHMSI's participation in the MERS system, are sufficient to support an individual cause of action against AHMSI under the CPA and Criminal Racketeering Act.

**C. Knecht Entitled to Injunctive Relief Against Fidelity's attempt to sell under existing Notice of Trustee Sale.**

The Washington Supreme Court recognizes three substantive claims under the DTA:

If the grantor chooses not to cure, the grantor may take one or more of the following actions. The grantor may contest the default, RCW 61.24.030(6)(j), RCW 61.24.040(2); restrain the sale, RCW 61.24.130; or contest the sale, RCW 61.24.040(2).

See Cox v. Helenius, 103 Wn.2d 383, 387, 693 P.2d 683 (Wash. 1985); see also, Frizzell v. Murray, ____ Wash. App. ____, 283 P.3d 1139, 1143 (Wash. Ct. App. Div. 2, 2012)(RCW 61.24.040(1)(f) addresses how one may challenge a trustee's sale or seek to invalidate a trustee's sale). Further, the policies of the DTA appear to encourage pre-sale challenges, and discourage post-sale challenges. Herein:

**A copy of your Deed of Trust and documents evidencing the obligation secured thereby are enclosed.** You may wish to consult a lawyer. **Legal action on your part may prevent or restrain the sale, but only if you persuade the court of the merits of your defense.** You may contact the Department of Financial Institutions or the statewide civil legal aid hotline for possible assistance or referrals.

PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 13

> **The court may grant a restraining order or injunction to restrain a trustee's sale pursuant to RCW 61.24.130 upon five days notice to the trustee of the time when, place where, and the judge before whom the application for the restraining order or injunction is to be made**. This notice shall include copies of all pleadings and related documents to be given to the judge. Notice and other process may be served on the trustee at:
> NAME: . . . . . . . . . . . .
> ADDRESS: . . . . . . . . . . . .
> . . . . . . . . . . . .
> TELEPHONE NUMBER: . . . . . . . . . . .
> If you do not reinstate the secured obligation and your Deed of Trust in the manner set forth above, or **if you do not succeed in restraining the sale by court action, your property will be sold. The effect of such sale will be to deprive you and all those who hold by, through or under you of all interest in the property;**

RCW 61.24.040(2). According to the most recent Trustee Notices (Compl., ex. 9 at *1) attached to the Complaint, the Deutsche Bank's "beneficiary" status for purposes of RCW 61.24.030 (7)(a) appears to be based on the following statement:

> [***] to secure an obligation in favor of MERS AS NOMINEE FOR AMERICAN BROKERS CONDUIT, as the original Beneficiary. An assignment recorded under Auditor's File No 20060410001855. The current Beneficiary is: Deutsche Bank National Trust Company, as Trustee for GSR Mortgage Loan Trust 2006-0A1, Mortgage Pass Through Certificates, Series 2006-0A1, ("the Beneficiary").

Compl., ex. 9 at *1. The Second Trustee Sale indicated MERS transferred its interest to Deutsche Bank under Auditor's File No. 20100412000136. See Compl., Ex. 7 at *1 (where MERS transfers interest to Deutsche Bank). An earlier Notice of Trustee Sale, recorded on October 26, 2010, upon which the notice of default was presumably issued, states that the non-judicial foreclosure was being brought by Fidelity for "MERS AS NOMINEE FOR AMERICAN BROKERS CONDUT, as Beneficiary". See Compl., Ex. 5 at *1.

This is reemphasized in Fidelity's motion that it is the assignment recording the transfer of beneficial interest from MERS to Deutsche Bank that allowed Deutsche Bank the

right to record an appointment of successor trustee and record three different notices of sale. See Trustee's MTD (Dkt. 11) at 2:23-3:21. Based on each statement by the Trustee, several scenarios are plausible, including: that Deutsche Bank's "beneficiary" status is predicated on the MERS system, i.e., the Note following the Deed of Trust Assignment; and not possession of the obligation or its proper transfer or assignment as contemplated by Bain. See Bain at 110-114.

**1. Response to: "The DTA dies not require Deutsche Bank "prove" it is the beneficiary and owner of the Note.** (MD MTD, p. 11:38-12:46)

MERS defendants argue "Knecht is attempting to convert Washington's non-judicial process into a judicial foreclosure, requiring that the party trying to foreclose offer evidence of standing to foreclose." MD MTD, p. 11:43-48. Actually, Knecht is arguing that MERS defendants, including the trustee, cannot non-judicially foreclose where they have failed to comply with the DTA. The movants paraphrase eight requirements included in RCW 61.24.030. In doing so, Movants' ¶7 misstates relevant text of RCW 61.24.030(7), which is:

> (7)(a) That, for residential real property, before the notice of trustee's sale is recorded, transmitted, or served, the trustee shall have ***proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust***. A declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual holder of the promissory note or other obligation secured by the deed of trust shall be sufficient proof as required under this subsection.

RCW 61.24.030(7)(a)

A logical interpretation of this language is that the only proof which will suffice for purposes of RCW 61.24.030 is evidence of negotiation of the instrument[8]; or a declaration by Deutsche Bank official with knowledge of the transactions and under penalty of perjury that

---

[8] Defendants have made no argument that Knecht's Promissory Note is not a negotiable instrument. In fact see MD MTD at 14.

**S T A F N E   L A W   F I R M**
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM.COM

they are the beneficiary. Further, even if such information was obtained by the Trustee prior to issuing its Notice, it is plausible that the segregation of the Deed of Trust renders the Deed of Trust void for non-judicial foreclosure; or such documents were forged or fraudulent, rending the beneficiary the indemnifier for the Trustee for such statement.

Bain is incompatible with MERS defendants' contention that they do not have to follow the DTA to identify the note owner to the borrower or prove note ownership to the trustee under the DTA. MTD, p. 12:15-7. The DTA specifically says the note owner must be disclosed to the borrower as part of the DTA's non-judicial foreclosure process and that the trustee *shall have proof* of note ownership.  RCW 61.24.030 (7)(a).

Also, MERS defendants' request for this to Court follow federal authority rejecting any "show me the note" defense[9] is tantamount to asking this Court to ignore Bain.   In Bain the Washington Supreme Court specifically declined to follow   St. John v. Northwest Tr. Servs., 2011 U.S. Dist. LEXIS 111690 (2012).   In that case Judge Settle held "the undersigned and other courts have routinely rejected this so-called 'show me the note' argument" and relied on several of the cases MERS defendants cite for the same proposition here.  The Supreme Court stated in Bain: "St. John mentions it [the statute, specifically RCW 61.24.005 (2)] in passing but devotes no discussion to it."  Id. Similarly, this Court should be wary of rejecting the plain language of the DTA in order to follow Trotter v. Bank of Mellon, 275 P. 3d 857 (Idaho, 2012), which held that Idaho courts must follow the plain language of Idaho's deed of trust act. In light of Bain, This Court should not attempt continued end-runs around the language of the DTA based solely on MERS defendants' arguments that a plaintiff's citation to statutory language sounds like a "show me the note defense".

---

[9] See MD MTD, 12:1-45.

**S T A F N E   L A W   F I R M**
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 / STAFNELAWFIRM.COM

**2. Election of Non-judicial Foreclosure determines when Deutsche Bank may commence with new foreclosure.**

The injunction requested and received, does not preclude Deutsche Bank from commencing with another foreclosure, rather it stops the existing attempt until such time as the Trustee can comply with the DTA. <u>See</u> Dkt. 9 (order granting preliminary injunction). The limitations on Deutsche Bank's ability to commence another foreclosure action, if indeed it has a right to do so, may be found in: RCW 61.12.120 RCW 61.24.030(4) RCW 61.24.100(2); <u>see also</u>, RCW 61.24.120; RCW 61.24.130.

**3. Court's taking of Jurisdiction to decide Quiet Title prevents Deutsche Bank, provided it seeks to utilize recorded documents in grantor/grantee index to commence a foreclosure.**

Another important limitation on Deutsche Bank was the Superior Courts acquisition of jurisdiction to decide the request of quiet title. See RCW 7.28.010; RCW 7.28.260 ("the judgment rendered therein shall be conclusive as to the estate in such property and the right of possession thereof, so far as the same is thereby determined, upon all persons claiming by, through, or under the party against whom the judgment is rendered, by title or interest passing after the commencement of the action, if the party in whose favor the judgment is rendered shall have filed a notice of the pendency of the action as required by RCW 4.28.320").The Pleading Requirements for Quiet Title action are:

> The plaintiff in such action shall set forth in his or her complaint the nature of his or her estate, claim, or title to the property, and the defendant may set up a legal or equitable defense to plaintiff's claims; and the superior title, whether legal or equitable, shall prevail. The property shall be described with such certainty as to enable the possession thereof to be delivered if a recovery be had.

RCW 7.28.120 (Superior Title prevails) Here Knecht requests Quiet Title Relief. <u>See</u> Complaint at 12 ("Judgment quieting title to Plaintiff as to all right title and interest in the

**S T A F N E  L A W  F I R M**
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM.COM

subject property free and clear of nay interest of all Defendants"). He asserts he has been owner of the real property since 1998. See Dkt. 2-1 at 1:17-20. He asserts several deficiencies with Deutsche Bank and Fidelity's claim to title. See Dkt 2-1 at 6-10. The property is described with such certainty in several places in the Complaint. See e.g., Ex. 3 at *2.

**4. Response to:  The __Bain__ decision is not relevant.**

MERS defendants argue that "[t]he *Bain* decision is not relevant".  MD MTD p. 13:1 – 15:27.  This is not true.  __Bain__ has an impact on all future statutory construction of the DTA. This is because federal courts are required to interpret state statutes as they believe the highest court of the state would construe that statute.  __Daigle v. Shell Oil Co.__, 972 F.2d 1527 (10th Cir. 1992); __see also__ __West v. American Tel. & Tel. Co.__, 311 U.S. 223, 236-37, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940).  Determining how a state Supreme Court will rule is based on this Court's review of state precedent and __Bain__ is the most recent precedent construing the DTA.

MERS defendants ask this Court to ignore the Washington Supreme Court held that MERS four party deed of trust instruments do not comply with the DTA.  __See__ __Bain__, at *96-98 (discussing MERS admission that its system is based on a four party DOT instrument; while stating the DTA contemplates use of a three party deed of trust instrument.)   __See also__ Id., __Bain__, at 93-4 (Proof of ownership of the note and disclosure of identify of note owner are critical components of our DTA); __and__ __Bain__, at *99, note 8. MERS defendants want this Court to overlook the Supreme Court's holding that it was not going to allow contractual modifications to the DTA:

> The legislature has set forth in great detail how nonjudicial foreclosures may proceed. We find no indication the legislature intended to allow the parties to vary these procedures by contract. We will not allow waiver of statutory protections lightly. MERS did not become a beneficiary by contract or under agency principals.

S T A F N E   L A W   F I R M
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM.COM

Id., at *108.

MERS defendants also ask this Court overlook <u>Bain</u> judgment that the <u>plain</u> <u>language</u> of the beneficiary definition only makes sense if it is interpreted to mean "stake-holder"; i.e. the person who actually has an ownership interest in the note; which is by definition <u>not</u> the servicer.  Id., at *101-3.  <u>See also</u> Id., at * 93-4 and *98 and note 7. This is critical to Washington's DTA because "[t]he legislature was attempting to create a framework where the stakeholders could negotiate a deal in the face of changing conditions."  Id., at 103.  Hiding the real stakeholder from the borrower clearly thwarts this purpose[10].

As in MERS defendants' briefing before the Supreme Court in <u>Bain</u>, the MERS defendants  misstate the legislature's definition of  beneficiary in their MTD by purposefully leaving out its "exclusionary clause".  MD MTD, p. 14:1-3.  RCW 61.24.005 (2) states: "'Beneficiary' means the holder of the instrument or document evidencing the obligations secured by the deed of trust, ***excluding persons holding the same as security for a different obligation***."  [Emphasis Supplied].

In <u>Bain</u> the Washington Supreme Court held that the definition means what it says. It is not Knecht's job to prove that Deutsche Bank falls within the exclusionary clause.  It is beneficiary's job to prove that the it meets the definition set forth in RCW 61.24.005 (2). As Judge Young explained in *Culhane v. Aurora Loan Services of Nebraska,* 2011 U.S. Dist. LEXIS 136112, note 15 (D. MASS. 2011):

> Where a mortgage loan has been pooled with others in a trust that then issues mortgage-backed securities to investors, the holder of the note is the trustee on behalf of the investors, who are the real beneficial owners.

**S T A F N E   L A W   F I R M**
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM.COM

*Culhane v. Aurora Loan Services of Nebraska,* 2011 U.S. Dist. LEXIS 136112, note 15 (D. MASS. 2011).

Deutsche Bank is apparently the "trustee" for those investors who actually own the note through a pooled investment vehicle. Deutsche Bank cannot be a beneficiary under the exclusion because it holds the note as security for the investors as a result of a different obligation owed by Deutsche Bank 'to the investors.  Deutsche Bank also cannot meet the definition of "Note Holder" as Deutsche Bank is not entitled to receive payments under Knecht's note as an owner of the promissory note. *See* Complaint, Ex. 2, ¶ 1.

If a MERS system beneficiary is not the real "stakeholder" under the note because the MERS system's primary purpose is to achieve securitization, a trustee cannot meet the definition of beneficiary because the legislature has excluded non-stakeholders from being a beneficiary as defined under the Washington DTA.  Thus, the note's definition of note holder, like the four party DOT instrument, is not consistent with the principles of the DTA which allow non-judicial foreclosures only when the actual stakeholders are identified and available to one another.  Finally, it is not Knecht who must prove who has ownership of the note; it is the beneficiary.  RCW 61.24.030(7)(a) and (8)(l).  It is the trustee who must identify the name of the beneficiary and owner of the note to the borrower.   RCW 61.24.040(1) (c), (d), (e), (f). and (g).

MERS defendants request this Court hold the UCC controls application of the  DTA. In Bain  the Supreme Court rejected the notion that the UCC controls DTA procedures by disapproving of the Fourth Circuit's decision in Hovarth: "that UCC Article 3 controlled application of Virginia's Deed of Trust statute" (See Id.; Hovarth v. Bank of N.Y., N.A., 641

PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 20

**S T A F N E   L A W   F I R M**
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 / STAFNELAWFIRM.COM

F. 3d 617, 620 (2011)). In dispensing with <u>Hovarth</u> in such manner[11], our Supreme Court correctly implicated it is the DTA which controls non-judicial foreclosures in Washington; not the U.C.C. See <u>Bain</u>, 75 Wash.2d at 105.  Thus, a non-judicial foreclosure cannot be brought where, as here the MERS defendants and their trustee have not shown compliance with DTA and that the alleged beneficiary meets the definition set forth in RCW 61.24.005(2)[12].

Both Knecht's complaint and MERS defendants' motion erroneously state <u>Bain</u> contemplates the DOT will follow the note.  This is not true.

> For the most part, however, the ***Bain*** court did not determine the legal effect of a deed of trust that unlawfully purported to name **MERS** as its beneficiary. The court considered  several possibilities: that **MERS** could cure any defect simply by assigning its interests to the lender or whoever currently holds the note, that the deed of trust be rescinded, that the deed of trust be declared void or unenforceable and the borrower have the right to quiet title, or that a court declare an equitable mortgage in favor of the note holder. *Bain*, 175 Wn.2d 83, 2012 Wash. LEXIS 578 at 41-48. Although the court gave hints as to its views on several of those options, it concluded that the legal effect of the improper designation of **MERS** as a beneficiary would depend on what had happened to the note in each case.

<u>Burkhart v MERS</u>, 2012 U.S. District LEXIS 140794 (W.D. Wash. Sept. 28, 2012).  <u>See also</u>

---

[11] The Washington Supreme Court found <u>Hovarth's</u> almost complete reliance on the UCC, without an adequate consideration of Virginia's Deed of Trust Act to be "unhelpful":
> [***] There is no discussion anywhere in *Horvath* of any statutory definition of "beneficiary." While the opinion discussed transferability of notes under the UCC as adopted in Virginia, there is only the briefest mention of the Virginia deed of trust act. *Compare Hovarth*, 641 F.3d at 621-2 (citing various provisions of VA. CODE ANN. Titles 8.1A, 8.3A (UCC)), *with id.* At 623, n. 3 (citing Va. Code. Ann. § 55-59(7) (discussing deed of trust foreclosure proceedings)). We do not find *Horvath* helpful.

<u>Bain</u>, 175 Wash.2d at 105-106.

[12] The Supreme Court was urged by Amicus Homeowners attorneys not to attempt to define the meaning of the exclusionary clause of the definition of beneficiary in the Bain decision because it was not necessary to do so. Here that is directly before this Court.  Amicus Homeowners Brief, attached as Appendix --, pp. 12-14

**S T A F N E   L A W   F I R M**
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM.COM

Bain, at * 112-3. The RESTATEMENT (THIRD) OF PROPERTY: MORTGAGES § 5.4 (RESTATEMENT) indicates that the note and security agreement can be split when there is an intent to do so.

**D. The Current Notice of Trustee Sale Does not Comply With the DTA.**

Movants make the same or similar bald assertions that Fidelity is in compliance with the DTA Compare MD MTD at 15:29-48 with Trustee's MTD at 12:9-13:4. In interests of judicial economy, Knecht incorporates his more detailed response to Trustees MTD as if stated more fully herein. See Dkt. 13 at pp.13-22 (§ III C)(Plaintiffs Response to Fidelity).

**E. Response to: Plaintiff's WCPA Claims fail as a matter of law.**

Knect's complaint alleges that he is being subjected to an illegal nonjudicial foreclosure under the MERS system and illegal MERS four-party DOT instrument while he is being dual tracked by a MERS's servicer.  The illegal MERS DOT instrument, which purports to divest borrows like Knecht of DTA protections are unconscionable, illegal and violate the CPA. State v. Kaiser, 161 Wash. App. 705 (2011) (Unconscionable and illegal contracts violate Washington's consumer protection act.)

Knecht's robo-signing allegations against AHMSI, (Complaint, 3:12-19; 5:2-8), MERS (Id. at 4:17) also allege unfair and deceptive trade practices.  Bain, at 118, n. 18. Knechts' allegations that AMHSI purported to have authority, when it did not have authority, to prevent the non-judicial foreclosure of his homestead also states a deceptive practice. Bain, at * 117 ("[C]ourts have found it deceptive to claim authority when no authority existed and to conceal the true party in a transaction.) Deutsche Bank holding itself out as the owner of the note when it was not a stakeholder was also a deceptive practice.  Id.

**STAFNE LAW FIRM**
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAW.COM

Although plaintiffs have not alleged specific injuries as a result of these deceptive practices related to illegal non-judicial foreclosures, injury is apparent from the facts alleged Knecht's complaint, i.e. a belated foreclosure process with accompanying dual tracking going on for well over a year.  Moreover, defendants admit Knecht has been incurred over $2,000 in costs related to MERS non judicial foreclosure and dual tracking process.  See MD MTD, p. 4:1-9. The Supreme Court's analysis public impact analysis regarding the MERS issues in Bain is also instructive here. See Bain, at *118.

**F. Response to: Plaintiff's Washington Criminal Profiteering Act claim is without merit.**

> The question, to some extent, is whether MERS and its associated business partners and institutions can both replace the existing recording system established by Washington statutes and still take advantage of legal procedures established in those same statutes. ...

Bain, at *98.  If, as Knecht argues here, the answer is "no" then MERS and its associated business partners and institutions should have stopped bringing MERS system non-judicial foreclosures based on four party MERS DOT instruments after Bain was decided.  Keeping up the enterprise set up by MERS and its associated business partners where it is unlawful to do so constitutes Criminal Profiteering in violation of RCW Ch. 9A.82.

Knecht does not have to allege predicate acts, because they appear as part of his complaint.  Exhibits 4, 5, 6, 7, 8, and 9 are evidence of the predicate acts of extortion. Similarly, Knechts allegations that AHMSI representative threatened to take his home through non-judicial foreclosure based on the MERS deed of trust and MERS system also constitute predicate acts of extortion by the enterprise related defendants.

RCW 9A.82.010 (4)(k) provides

"Criminal profiteering" means any act, including any anticipatory or completed offense, committed for financial gain, that is chargeable or indictable under the

S T A F N E   L A W   F I R M
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM.COM

laws of the state in which the act occurred and, if the act occurred in a state other than this state, would be chargeable or indictable under the laws of this state had the act occurred in this state and punishable as a felony and by imprisonment for more than one year, regardless of whether the act is charged or indicted, as any of the following:
[***]
(k) Extortion, as defined in RCW 9A.56.120 and 9A.56.130;

RCW 9A.56.120 provides: "A person is guilty of extortion in the first degree if he or she commits extortion by means of a threat as defined in RCW 9A.04.110(27) (a), (b), or (c)." "Threat means to communicate, directly or indirectly the intent: … (b) To cause physical damage to the property of a person other than the actor; …" RCW 9A.04.110 (28) (b)[13].

The same exhibits and evidence, as well as robo-signed documents, constitute predicate acts of forgery.  RCW 9A.82.010 (4)(d).  In this regard, RCW 9A.06.020 states: "(1) A person is guilty of forgery if, with intent to injure or defraud: (a) He or she falsely makes, completes, or alters a written instrument [***]". In this case the MERS defendants concede they are using these documents to complete an illegal MERS system foreclosure based on an illegal four party DOT instrument.  In other words, they are

## IV. CONCLUSION

Based on the foregoing, Knecht respectfully requests that the Court deny MD MTD on the grounds that Knecht asserts plausible claims upon which relief may be granted.

DATED this 22nd day of October, 2012.

By:

STAFNE LAW FIRM

_____ s/ Scott E. Stafne_____
Scott E. Stafne, WSBA 6964

---

[13] RCW 9A.04.110 (27) was amended to be RCW 9A.04.110 (28)  See Reviser's note

S T A F N E   L A W   F I R M
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM.COM

239 N Olympic Ave
Arlington, WA 98223
scott.stanfe@stafnelawfirm.com
(360) 403 8700
(360) 300 6005 (fax)
Attorney for John Knecht

STAFNE LAW FIRM
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM.COM

1

2

<u>CERTIFICATE OF ELECTRONIC SERVICE</u>

3

4
I hereby certify that on October 22, 2012, I caused to be electronically filed, the

5
foregoing with the Clerk of the Court using the CM/ECF system which will send notification

6
of such filing to the following:

7

8
Daniel Allen Womac: Daniel.womac@fnf.com

9
Frederick B. Rivera: FRivera@perkinscoie.com

10

11
DATED this 22nd day of October, 2012.

12

13
<u>s/ Scott E. Stafne</u>
Scott E. Stafne, WSBA 6964

14
Stafne Law Firm

15

16

17

18

19

20

21

22

23

24

25

CERT. OF ELECTRONIC SERVICE - 1

**S T A F N E   L A W   F I R M**
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
Tel. 360.403.8700 /STAFNELAWFIRM.COM