THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN D. KNECHT,<br><br>    Plaintiff,<br><br>  v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., DEUTSCHE BANK NATIONAL TRUST CO. AS TRUSTEE FOR GSR MORTGAGE LOAN TRUST 2006-0A1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-0A1, AMERICAN HOME MORTGAGE SERVICING INC.,<br><br>    Defendants. | No.  2:12-cv-1575 RAJ<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS<br><br>Noted for Consideration:<br>October 26, 2012 |

  Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"); Deutsche Bank National Trust Co. as Trustee for GSR Mortgage Loan Trust 2006-0A1, Mortgage Pass-Through Certificates, Series 2006-0A1 ("Deutsche Bank"); and American Home Mortgage Servicing, Inc. ("AHMSI"), collectively "Moving Defendants," submit this reply to Plaintiff's Response to Defendants' Motion to Dismiss [Dkt 14] (herein after "Plaintiff's Response").

**A.**  <u>**The Complaint, as Reasonably Interpreted by Moving Defendants, Fails to State a Claim for Relief.**</u>

  The theme of Plaintiff's Response is that "defendants just don't get it." The Response refers to the Motion to Dismiss as setting up a "straw man" argument; "mistak[ing] Plaintiff's

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS
(NO. 2:12-CV-1575 RAJ) – 1
71045-0121/LEGAL24995208.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

allegations;" and "rewrite[ing] the Complaint." *See, e.g.,* Plaintiff's Response, p. 5.  If this is true, it is because of the confusing if not incomprehensible Complaint, which Plaintiff's Response does nothing to clarify.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief …." Fed.R.Civ.P. 8(a)(2).  The Complaint falls short of this standard.[1]  Accordingly, at a minimum the Court should dismiss the Complaint without prejudice and require an amended complaint that provides the defendants with fair notice of the causes of action.

It appears that Knecht advances four (4) claims for relief:  (1) a request for declaratory relief enjoining a pending nonjudicial foreclosure; (2) a finding that MERS violated RCW 40.16.030; (3) a finding that Moving Defendants violated the Washington Consumer Protect Act; and (4) a finding that Moving Defendants violated the Washington Criminal Profiteering Act[2].  This brief addresses these matters.

**B.     There Is No Basis to Enjoin the Foreclosure.**

As an initial matter, Plaintiff's Response argues that the Complaint's request for declaratory relief was brought under the Washington Uniform Declaratory Judgment Act, RCW 7.24.010 *et seq*. ("UDJA") and should be considered under that statute.  Moving Defendants do not dispute that Knecht may assert his claims under that statute, and this Court may apply the UDJA when deciding Knecht's request for declaratory relief relating to the pending foreclosure.  *See, e.g., Brodie v. Northwest Trustee Services, Inc.*, Slip Copy, 2012 WL 4468491 at *6 (E.D.Wash.,2012) (applying

---

[1] This Court previously addressed a similar lawsuit from Knecht's counsel, referring to the plaintiffs' pleading in that case as "muddled." *Burkart v. Mortgage Electronic Registration Systems, Inc.*, Slip Copy, 2012 WL 4479577 at *2-3 (W.D.Wash., September 28, 2012) (quoting *Mickelson v. Chase Home Finance* LLC No. 11-1445MJP, (Dkt. #58) at 11 (Apr. 16, 2012 order granting motion to dismiss referring to counsel's "[s]hot gun-style pleadings)).

[2] The undersigned counsel acknowledges that Defendants' Motion to Dismiss [Dkt. 10] incorrectly states in the Introduction that the Washington Criminal Profiteering Act, RCW 9A.82.010, *et seq.*, does not include a private right of action, a point noted in Plaintiff's Response at p. 2.  This introductory statement was intended to cite the other criminal statute under which Knecht is pursuing a private right of action, RCW 40.16.030, which in fact does not include a private right of act.  While the introductory statement included an error, the substance of Defendants' Motion to Dismiss acknowledges the private right of action provision imbedded in the Criminal Profiteering Act and addresses that provision.  *See* Defendants' Motion to Dismiss [Dkt. 10] at p. 17-18.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS
(NO. 2:12-CV-1575 RAJ) – 2
71045-0121/LEGAL24995208.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

UDJA to complaint seeking a judicial declaration that the deed of trust no longer secured a promissory note).

For purposes of the arguments advanced by Moving Defendants, there are no material differences between the UDJA and the federal Declaratory Judgment Act, 28 U.S.C. § 2201. Specifically, the UDJA, like the Declaratory Judgment Act, requires that the plaintiff show a "justiciable controversy." *Walker v. Munro*, 124 Wn.2d 402, 879 P.2d 920 (1994). Also similar, Washington courts define a justiciable controversy under the UDJA as:

> (1) ... an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive.

*Diversified Indus. Dev. Corp. v. Ripley,* 82 Wn.2d 811, 815, 514 P.2d 137 (1973).

Absent a "justiciable controversy," a claim or issue is moot and must be dismissed. *Klickitat County Citizens Against Imported Waste v. Klickitat County,* 122 Wn.2d 619, 631, 860 P.2d 390, 866 P.2d 1256 (1993).

### 1. Plaintiff concedes that there is no justiciable controversy regarding MERS.

Plaintiff's Response offers no reply to Moving Defendants' argument that the Complaint fails to advance a justiciable controversy for declaratory relief against MERS. Instead, Plaintiff's Response argues that it has a controversy with Deutsche Bank—the foreclosing party—and the "MERS system." The "MERS system" is not a defendant; there is no justiciable controversy with the "MERS system;" and the Court cannot issue relief against "the MERS system." Accordingly, all declaratory relief claims against MERS must be dismissed.

### 2. Plaintiff's Response lacks a coherent argument supporting grounds to enjoin the pending foreclosure sale.

At the heart of the Complaint is Knecht's effort to enjoining the pending nonjudicial foreclosure. Yet Plaintiff's Response lacks any clear analysis of the Washington Deed of Trust

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS
(NO. 2:12-CV-1575 RAJ) – 3
71045-0121/LEGAL24995208.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Act. Nor does it identify factual assertions in the Complaint that support an injunction. At best, Knecht asks the Court to enjoin the foreclosure because the trustee lacks proof that beneficiary (Deutsche Bank) is the owner of the promissory note, as required by RCW 61.24.030(7)(a). Plaintiff's Response, p. 15.

While trying to distance himself from the universally rejected "show me the note" argument, Knecht cannot help but center his claim on that faulty line of reasoning. For example, he argues that "[i]t is the beneficiary's job to prove that the it (sic.) meets the definition set forth in RCW 61.24.005(2)." Plaintiff's Response, p. 19. He likewise argues that "it is not Knecht who must prove who has ownership of the note; it is the beneficiary." *Id.*, p. 20. This is a "show me the note" argument. Knecht also tries to convert Washington's nonjudicial foreclosure process into one requiring judicial oversight. The Court should decline this offer.[3]

As predicted in Defendants' Motion to Dismiss, Knecht wrongly argues that Deutsche Bank is not the beneficiary because, under the *Bain* decision, MERS lacked authority to execute the Assignment of Deed of Trust recording a transfer of Knecht's deed of trust to Deutsche Bank. However, *Bain* did not decide that issue; rather, the *Bain* court only decided whether MERS met the statutory definition of "beneficiary" such that it had authority to appoint a substitute trustee. *Bain v. Metropolitan Mortg. Group, Inc.*, 175 Wn.2d 83, 89, 285 P.3d 34 (2012). In this case, Deutsche Bank, not MERS, appointed the trustee. [Dkt. 2-1, p. 50] Further, it is Deutsche Bank pursuing foreclosure, not MERS. [*Id.*, pp. 47-48.] *Bain* does not help.

More importantly, Knecht's reliance on the Assignment of Deed of Trust as "evidence" to support his argument that Deutsche Bank is not the beneficiary is also wrong because the recording of an Assignment of a Deed of Trust does not determine the beneficiary. Indeed, *Bain* instructs very clearly that the assignments and other public recordings are not what determine who the

---

[3] If Knecht wants to assert that he has specific facts showing the Deutsche Bank is not the actual beneficiary, including that Deutsche Bank does not have possession of the note, he should make that assertion in compliance with Fed.R.Civ.P. 11.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS
(NO. 2:12-CV-1575 RAJ) – 4
71045-0121/LEGAL24995208.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

beneficiary is; rather, it is the entity that meets the statutory definition of "beneficiary" who is entitled to foreclose, regardless of what is in the public records. *See Bain*, 175 Wn.2d at 102-105. Therefore, to state a claim for relief disputing Deutsche Bank's standing to foreclose as the beneficiary, Knecht must assert specific facts showing that Deutsche Bank does not meet the definition of "beneficiary" as defined under the Washington Deed of Trust Act. *See* Defendants' Motion to Dismiss [Dkt. 10], p. 14-15. Here, Knecht only challenges the Assignment of Mortgage. This is insufficient to survive a motion to dismiss.

C. **MERS Did Not Violate RCW 40.16.030.**

Knecht requests a declaratory judgment that MERS violated RCW 40.16.030. As stated in Defendants' Motion, the claim fails because (1) RCW 40.16.030 is a criminal statute without a private civil cause of action; (2) there is no implied private right of action; and (3) even if a private cause of action existed, the Complaint fails to allege a violation of RCW 40.16.030.

Knecht agrees that RCW 40.16.030 does not contain a private right of action. *See* Plaintiff's Response, pp. 10-12. Instead, Knecht argues that the statutory duty created under the law "can be the basis of tort duty" and that an implied right of action exists. These arguments fail. First, the Complaint does not assert a "tort" action against Moving Defendants relying on RCW 40.16.030. Rather, the Complaint seeks a declaratory judgment that "MERS is guilty" of violating RCW 40.16.030. Complaint, p. 7. Second, Plaintiff's Response makes no effort to analyze whether there is an implied private right of action, which includes a showing of legislative intent and that implying a private right of action is consistent with the statutory purpose. *See Bennett v. Hardy,* 113 Wn.2d 912, 919, 784 P.2d 1258 (1990).

As explained in Defendant's Motion to Dismiss, there is nothing in the legislative history or the statute suggesting that the legislature intended to imply a private right of action under RCW 40.16.030. Further, the statute is clear that it criminalizes the recording of false or forged documents with public governmental agencies. Nothing in the statute suggests its purpose is to

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS
(NO. 2:12-CV-1575 RAJ) – 5
71045-0121/LEGAL24995208.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

protect individuals involved in a private transaction. Knecht, other than saying that Moving Defendant's position "is without merit," offers no legal authority or reasoned analysis to the contrary. *See* Plaintiff's Response, p. 12.

Further, even if a private cause of action exists, Plaintiff's Response fails to identify how the Complaint states a claim for relief under RCW 40.16.030. The Complaint fails to allege sufficient facts to suggest that MERS knowingly offered or procured a false or forged document. RCW 40.16.030. Plaintiff's Response appears to argue that, after the Washington Supreme Court's decision in *Bain*, every document recorded by MERS is tantamount to a violation of RCW 40.16.030. This is irrational, as is the statement in Plaintiff's Response that "defendants admit they have violated the duty imposed by this criminal statute under the rule of law set forth in Bain…." Plaintiff's Response, p. 12. Culling through the *ad hac* references to the *Bain* decision, Plaintiff's Response offers nothing from the Complaint supporting a claim for relief under RCW 40.16.030.

### D. Plaintiff's Response Fails to Identify Allegations in the Complaint Which State a Claim for Relief Under the Washington Consumer Protection Act.

Plaintiff's Response argues that the Moving Defendants violated the Washington Consumer Protection Act, RCW 19.86.010, *et seq.* ("WCPA") because Knecht "is being subject to an illegal nonjudicial foreclosure under the MERS system while he is being dual tracked by a MER's server." Plaintiff's Response, p. 22. Apparently, Knecht basis his WCPA claim entirely on the original deed of trust's inclusion of MERS and undefined allegations of "robo-signing."

The Complaint and the arguments advanced in Plaintiff's Response show that the WCPA claim fails for the reasons stated in Defendants' Motion to Dismiss. In particular, Knecht offers no meaningful explanation of how he has been injured by any allegedly deceptive practice. He does not dispute that he is obligated to repay the mortgage loan and that he signed a deed of trust intending to transfer a security interest in his residence. He does not suggest that MERS, AHMSI or Deutsche Bank has done anything to harm him. Indeed, any harm is the result of his failure to pay the his mortgage, which breached the promissory note and deed of trust.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS
(NO. 2:12-CV-1575 RAJ) – 6
71045-0121/LEGAL24995208.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

With respect to his "robo-signing" allegations directed at AHMSI[4], the Complaint does not show how Knecht was harmed by the alleged practice in connection with the assignment documents he contends are false. Knecht was not a party to the Assignment of Mortgage or Appointment of Substitute Trustee recordings. *See* Compliant, Exs. 3 & 4 [Dkt. 2-1, pp. 44-53]. As some courts have held, borrowers lack standing to challenge the validity of mortgage assignments or other mortgage related documents to which they are not a party. *See Neal v. Bank of America, N.A.* Slip Copy, 2012 WL 3638762 at *4 (D.Ariz.,2012) (plaintiff lacked standing to challenge the validity of the mortgage assignment or substitution of trustee); *In re Mortg. Elect. Registration Sys. (MERS) Litig.*, Slip Copy, 2011 WL 4550189, at *5 (plaintiffs lack standing to assert robo-signing allegations, because "as third-party borrowers, [they] are uninvolved and unaffected by the alleged [a]ssignments, and do not possess standing to assert a claim based on such").

Finally, Knecht's blind reliance on *Bain* to support his WCPA claim is misplaced because the facts in that case were materially different. The *Bain* court held that while MERS role in the deed of trust is not *per se* deceptive, "characterizing MERS as the beneficiary has the capacity to deceive…" *Bain,* 175 Wn.2d at 116. However, in this case, Deutsche Bank, not MERS initiated foreclosure. *See* Complaint, Ex. 5 [Dkt. 2-1, pp. 50-53]. Similarly, it was Deutsche Bank, not MERS that appointed Fidelity as the substitute trustee. *Id.*, Ex. 4 [Dkt. 2-1, p 47]. Accordingly, the holding in *Bain* relating to the foreclosure activities of MERS is not relevant. In this case, MERS did nothing to deceive Knecht.

---

[4] The Complaint seeks declaratory relief that AHMSI has made false statements. Complaint, p. 7-8. As argued in its Motion to Dismiss, this type of request is not properly brought as a claim for declaratory relief. Moving Defendants presume that "false statement" allegations against AHMSI are intended to predicate Knecht's WCPA cause of action, and therefore they address the allegations against AHMSI in that section. To the extent Knecht is attempting to assert a separate fraud claim against AHMSI, it fails to satisfy Rule 9(b)'s heightened pleading standard.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS
(NO. 2:12-CV-1575 RAJ) – 7
71045-0121/LEGAL24995208.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### E. Plaintiff's Washington Criminal Profiteering Act Claim is Without Merit.

Plaintiff's Response appears to argue that the Moving Defendants violated the Washington Criminal Profiteering Act, Chapter 9A.82 RCW, because Deutsche Bank continued foreclosure efforts after the *Bain* decision. Plaintiff's Response, p. 23. He argues "[k]eeping up the enterprise set up by MERS and its associated business partners where it is unlawful to do so constitutes Criminal Profiteering in violation of RCW CH. 9A.82." *Id.* Further, Knecht boldly claims that the real estate recordings attached to the Complaint "are evidence of the predicate act of extortion." *Id.*

Knecht's argument is hollow, and makes no meaningful effort to address the required elements under the Washington Criminal Profiteering Act. That act requires proof that the defendant engaged in (i) activity that violated a statute identified in the act; or (ii) "criminal profiteering that is part of a pattern of criminal profiteering activity" and (iii) proof that the plaintiff sustained injury; and (iv) proof that the defendant's violation caused such injury. Knecht's reference to exhibits to the Complaint and cavalier—if not irresponsible—argument that those exhibits are "evidence of extortion" fail to state a claim for relief.

Knecht's argument that his Criminal Profiteering Act claim should survive because he is alleging extortion and forgery is nothing more than the type of conclusory allegations of law and unwarranted inferences that will not defeat a motion to dismiss. *See Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). In support of these very serious allegations of criminal wrongdoing, Knecht relies solely on Deutsche Bank's Appointment of Successor Trustee and the Notice of Trustee's Sale, which are Exhibits 4-9 to the Complaint [Dkt. 2-1, pp. 43-53]. Knecht claims that he "does not have to allege predict acts [of criminal profiteering], because they appear as part of his complaint." Plaintiff's Response, p. 23. He is wrong.

These documents do not prove or even remotely suggest that Moving Defendants committed a crime. Extortion requires, *inter alia*, proof of a threat of physical damage to property of a person. RCW 9A.04.110(28)(b). Forgery requires proof that a person, with intent to defraud

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS
(NO. 2:12-CV-1575 RAJ) – 8
71045-0121/LEGAL24995208.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

or injure, "falsely makes, completes or alters a written instrument…." RCW 9A.06.020. The documents attached to the Complaint do not prove these crimes.

Finally, the Complaint and Plaintiff's Response fail to identify any injury that Knecht sustained as a result of the purported violations of the Criminal Profiteering Act. Indeed, the only purported "injury" alleged in the Complaint is the pending foreclosure. However, Knecht does not and cannot dispute that the foreclosure is the result of his failure to make required mortgage payments, and not any action taken by Moving Defendants. For this additional reason, the Criminal Profiteering Act claim must be dismissed.

* * *

For the foregoing reasons and those stated in its Motion to Dismiss, Moving Defendants respectfully request that the Court dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice, on the grounds that the Complaint fails to state a claim upon which relief may be granted.

DATED this 26th day of October, 2012.

By: /s *Frederick B. Rivera. WSBA #23008*
Frederick B. Rivera, WSBA #23008
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: FRivera@perkinscoie.com

Attorneys for Defendants Mortgage Electronic Registration Systems Inc.; Deutsche Bank National Trust Co., as Trustee for GSR Mortgage Loan Trust 2006-0A1, Mortgage Pass-Through Certificates Series 2006-0A1; and American Home Mortgage Servicing Inc. (now known as Homeward Residential Inc.)

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS
(NO. 2:12-CV-1575 RAJ) – 9
71045-0121/LEGAL24995208.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# **CERTIFICATE OF SERVICE**

On October 26, 2012, I caused to be served upon counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the following document:

## **DEFENDANTS' MOTION TO DISMISS**

| | | |
|---|---|---|
| Scott E. Stafne | ☐ | Via hand delivery |
| Stafne Law Firm | ☐ | Via U.S. Mail, 1st Class, Postage Prepaid |
| 239 N. Olympia Avenue | | |
| Arlington, WA  98223 | ☐ | Via Overnight Delivery |
| | ☐ | Via Facsimile |
| *Attorney for Plaintiff* | ☒ | Via E-filing |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington, October 26, 2012.

By: s/ *Frederick B. Rivera*
Frederick B. Rivera, WSBA #23008
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  FRivera@perkinscoie.com

Attorneys for Defendants
Mortgage Electronic Registration Systems Inc.;
Deutsche Bank National Trust Co., as Trustee
for GSR Mortgage Loan Trust 2006-0A1,
Mortgage Pass-Through Certificates Series
2006-0A1; and American Home Mortgage
Servicing Inc. (now known as Homeward
Residential Inc.)

CERTIFICATE OF SERVICE – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

71045-0121/LEGAL24995208.1