UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN D. KNECHT,<br><br>                      Plaintiff,<br>vs.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., DEUTSCHE BANK NATIONAL TRUST CO. AS TRUSTEE FOR GSR MORTGAGE LOAN TRUST 2006-0A1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-0A1, AMERICAN HOME MORTGAGE SERVICING INC.<br>                      Defendants. | NO. 2:12-CV-01575 RAJ<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS |

Defendant Fidelity National Title Insurance Company ("Fidelity") submits this reply to Plaintiff's Response to Fidelity's Motion to Dismiss, concerning the property commonly known as 46020 SE Edgewick Road, North Bend, WA 98045 (the "Property").

I.    Argument

A.    **Fidelity complied with the notice provisions of RCW 60.24.030 and .040**

Plaintiff's arguments against Fidelity's Motion to Dismiss primarily spring from the theory that notice was not somehow afforded to Plaintiff to discuss "pre-foreclosure Options",

FIDELITY NATIONAL TITLE INSURANCE
COMPANY'S REPLY IN SUPPORT OF MOTION
TO DISMISS
-1

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

and that it somehow failed to comply with the Deed of Trust Act ("DTA") in its multiple notices to Plaintiff that the Property was being set for sale. Plaintiff's Response, at pages 5 and 12. This argument, concerning notice and recording, is supposedly premised on the idea that he (1) was never aware which party to contact concerning the pending sale of the Property, or (2) that Fidelity failed to comply with the DTA with its notices.

Plaintiff's Response is right that RCW 61.24.030 (6) makes clear that a trustee must keep a street address in Washington State where personal service of process can be made prior to the date of the notice of sale, and through the date after the sale. RCW 61.24.030 (6). Response, at page 13. Nothing at all in RCW 61.24.040 can possibly be interpreted to suggest that what the legislature had just contemplated and clearly set down in 61.24.030 should be supplanted with additional and unspecified requirements for a trustee. Most certainly the legislature was aware that at that time RCW 64.24.030 and .040 were enacted, non-resident entities were frequently acting as foreclosing trustees. But, so long as the borrower being foreclosed could effectuate service on that entity within the State of Washington at a local street address, her interest would be protected for purposes of adequate notice. Plaintiff twists the notice requirement of DTA to an unreasonable and impractical point.

Here, Fidelity National Title Company of Washington was appointed Trustee in the original April 1, 2006 deed of trust. See **Exhibit A**. Plaintiff incorrectly states that Fidelity appointed itself as new trustee by the recorded appointment on September 16, 2010 (the "Appointment"). Plaintiff's Response, at page 3. Clearly, Deutsche Bank National Trust Company, as Trustee for GSR Mortgage Loan Trust 2006-OA1 by American Home Mortgage

FIDELITY NATIONAL TITLE INSURANCE
COMPANY'S REPLY IN SUPPORT OF MOTION
TO DISMISS
-2-

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

Services, Inc. was the beneficiary that appointed Fidelity on that date and through that recording. *See* **Exhibit B**.

The Appointment clearly spells out that Fidelity National Title Insurance Company's local address is 701 Fifth Avenue, Suite 3040, Seattle, WA 98104. Additionally, a simple search of Fidelity National Title Insurance Company in Washington State would yield multiple State offices for contact. The statute requires a local address be maintained for service throughout a foreclosure process. That requirement was clearly met here, as Fidelity has never left the state and has maintained operations here throughout any process against Plaintiff to foreclose on the Property. The DTA does **not** require that the local address be listed in each notice. Instead, RCW 61.24.040 (2) simply has a template for a notice of foreclosure, that can be followed in "substantially" the form described. RCW 61.24.030 (2). Plaintiff seeks to give far too much meaning to this template. Response, at page 13. However, there is no requirement that the notice provide a local address, just that a local address be **maintained** by the trustee throughout the pendency of the process.

The point of RCW 64.24.030 is to make certain that a person who has been sent a notice of sale can serve papers back on the foreclosing entity at a local address. Plaintiff argues that the Court should follow the DTA to the letter. Fidelity agrees - the statute says nothing about the required address on the notices themselves, and does not at all demand that the business production of the foreclosing entity be housed in Washington. Clearly Plaintiff cannot argue that he had no phone number or contact information for Fidelity, since the Response acknowledges that the Irvine, California address was listed on each notice of sale, along with the phone number to contact Fidelity. Response, at page 3. A simple telephone call to that Irvine number would

FIDELITY NATIONAL TITLE INSURANCE
COMPANY'S REPLY IN SUPPORT OF MOTION
TO DISMISS
-3-

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

have revealed a local address maintained by Fidelity in Washington State, should Plaintiff really have been confused or wanted to serve or contact someone concerning the Property.

Plaintiff claims in his Response to have wanted a "dialogue ... between trustee and borrower". Response, at page 17. Here, each of the three notices provided just the contact information Plaintiff needed to open that dialogue. The Response argues passionately that Fidelity has been "relying on veils of vagueness to ignore or cheapen its responsibilities and participate in a system of obfuscating the rights and statuses of parties....". Response, at page 17. Yet, there is nothing at all vague about the address: 1920 Main Street, Suite 1120 Irvine, CA, with phone number 949-252-4900. *See, e.g.*, Exhibit 5 to Plaintiff's Complaint. There is nothing vague at all about Fidelity's numerous local offices in Washington State that can be considered a local address under the letter of RCW 64.24.030 and .040.

Again, Plaintiff has been silent on whether he could have at any time or ever intends to pay anything on the note to which he was originally bound. Plaintiff merely alleges each of the purported irregularities to attempt to invalidate the notices for minor technical defects. This is not a case where form ought to trump substance, since the statute was absolutely complied with through Fidelity's maintained local address.

1. Finally, on this point, any argument that the 2006 Fidelity is not the 2010 Fidelity is ridiculous for purposes of a notice argument. Plaintiff's Response, at page 3. See **Exhibit C**. Fidelity National Title Company of Washington is an appointed agent and sister company of Fidelity National Title Insurance Company. Again, however, this makes no difference in applying the statute since the current trustee does maintain an office with employees and telephones within Washington State.

FIDELITY NATIONAL TITLE INSURANCE
COMPANY'S REPLY IN SUPPORT OF MOTION
TO DISMISS
-4

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6ᵀᴴ AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

### B. There is no diversity jurisdiction issue

Fidelity National Title Insurance Company is not a Washington State corporation. It is a California Corporation. **Exhibit C.** Plaintiff again (complaint did the same at Dkt. 2-1) seems to take issue with a clerical error in the Appointment where RCW 61.24 (b) is cited for what likely was meant to be RCW 61.24.010(1)(b). Fidelity is authorized to do business in Washington State, but clearly is not incorporated here. There is no problem with diversity jurisdiction, and removal remains appropriate.

## II. Conclusion

For each of the above reasons, and all those stated in Fidelity's Motion to Dismiss, Fidelity respectfully requests that this Court dismiss the Plaintiff's Complaint pursuant to FRCP 12(b)(6), with prejudice for failing to state a claim upon which relief can be granted.

DATED this 30th day of October, 2012.

FIDELITY NATIONAL LAW GROUP

_____
Daniel A. Womac, WSBA #36394
Fidelity National Law Group
The Law Division of Fidelity National
Title Group, Inc.
1200 Sixth Avenue, Suite 620
Seattle, WA 98101
(206) 224-6004
(206) 223-4527 – FAX
*Attorneys for Defendant Fidelity National Title Insurance Company*

FIDELITY NATIONAL TITLE INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS
-5-

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

# CERTIFICATE OF SERVICE

I hereby certify that on the date given below I caused to be served the foregoing – FIDELITY'S REPLY IN SUPPORT OF MOTION TO DISMISS on the following individual in the manner indicated:

Scott E Stafne
Stafne Law Firm
239 N. Olympia Avenue
Arlington, WA 98223
*Attorney for Plaintiff*

| | |
|---|---|
| ☐ | U.S. MAIL |
| ☐ | LEGAL MESSENGER |
| ☐ | EMAIL |
| ☐ | HAND DELIVERED |
| X | EXPRESS DELIVERY |
| ☐ | FACSIMILE |

Frederick B. Rivera
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
*Attorney for Defendants:*
*Mortsaie Electronic Registration Systems Inc'i DeutJchl Bank National Trust Co, as Trustee for GSR Mortgage Loan Trust 2006-041. Mortp,age Pass-T-hrough Certificates Series 2006:041: and American Home Mortgage Servicing Inc. (now known as Homeward Residential Inc.)*

| | |
|---|---|
| ☐ | U.S. MAIL |
| X | LEGAL MESSENGER |
| ☐ | EMAIL |
| ☐ | HAND DELIVERED |
| ☐ | EXPRESS DELIVERY |
| ☐ | FACSIMILE |

**SIGNED** this 30th day of October, 2012.

*Patricia Burnichon*
Patricia Burnichon, Paralegal

FIDELITY NATIONAL TITLE INSURANCE
COMPANY'S REPLY IN SUPPORT OF MOTION
TO DISMISS
-6-

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525