HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN KNECHT, et al.,

            Plaintiffs,

      v.

FIDELITY NATIONAL TITLE
INSURANCE COMPANY, et al.,

            Defendants.

CASE NO. C12-1575RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on two motions to dismiss Plaintiff John Knecht's complaint.  The court finds oral argument unnecessary.  For the reasons stated herein, the court GRANTS the motions in part and DENIES them in part.  Dkt. ## 10, 11.

## II.  BACKGROUND

The court describes the facts underlying this case as Mr. Knecht alleges them in his complaint and as they appear in documents subject to judicial notice.  The court cites the complaint by page number and uses "Ex." to cite the exhibits attached to it.

On April 1, 2006, Mr. Knecht borrowed $315,000 from American Brokers Conduit, memorializing the loan in an adjustable rate note (Ex. 2, the "Knecht note") and using his North Bend home to secure the note with a deed of trust.  The deed of trust named American Brokers Conduit as the lender, Fidelity National Title Company of Washington as the trustee, and Mortgage Electronic Registration Systems, Inc.

ORDER – 1

("MERS") as the beneficiary of the deed of trust.  Ex. 1.  The deed of trust (the "Knecht deed of trust") stated that MERS acted "solely as a nominee for [ABC] and [ABC]'s successors and assigns."  *Id.*

In a document dated April 1, 2010, MERS assigned its interests in the deed of trust to Deutsche Bank National Trust Company ("DB").  Ex. 3.  The document (the "Assignment") was recorded in King County on April 12, 2010.  The court observes that although the Assignment is entitled "Assignment of Deed of Trust," it also purports to assign "the Promissory Note secured by said Deed of Trust" to DB.  The Knecht note does not give MERS any interest to assign.

In September 2010, DB appointed Fidelity National Title Insurance Company ("Fidelity") as a successor trustee to the deed of trust, recording the appointment document in King County on September 16, 2010.  Ex. 4.

Beginning on October 26, 2010, Fidelity recorded a series of notices of trustee's sales, setting sale dates of January 28, 2011, December 16, 2011, and finally September 7, 2012.  Exs. 5, 7, 9.  Each notice alleged that Mr. Knecht was in default on his loan. The alleged arrearage increased from about $17,500 in the first notice to about $36,000 in the third notice.  Nowhere in his complaint does Mr. Knecht dispute the arrearages assessed in the notices.  Fidelity recorded a notice of discontinuance for the second sale, and likely did so for the first sale as well.  Ex. 6.[1]

Mr. Knecht sued Fidelity, MERS, DB, and American Home Mortgage Servicing Inc. in King County Superior Court on August 23, 2012.  He immediately moved for an injunction to enjoin the trustee sale set for September 7.  The King County court entered a temporary restraining order on September 5, then entered a preliminary injunction on September 14.  The preliminary injunction is contained in a one-page order that enjoins

---

[1] The complaint purports to attach Fidelity's notice of discontinuance of the January 28, 2011 sale, but the document it attached is a duplicate of the notice of discontinuance of the December 16, 2011 sale.  *Compare* Ex. 6 *with* Ex. 8.

ORDER – 2

1    the trustee sale "until further notice."  No Defendant had formal notice of the motion for

2    a temporary restraining order, and it is not clear whether any Defendant had formal notice

3    of the motion for preliminary injunction.  Nothing in the record suggests that any

4    Defendant opposed the injunction motion.  So far as the record reveals, Fidelity has

5    abided by the injunction and has not attempted to sell Mr. Knecht's property.

6         Defendants removed the case to this court on September 17, 2012.  All Defendants

7    except Fidelity joined in a motion to dismiss Mr. Knecht's complaint for failure to state a

8    claim.  For reasons not apparent, Fidelity then filed a separate motion to dismiss,

9    although it largely mimicked the arguments that the other Defendants made.

10        The court now considers the motions to dismiss.

### III.  ANALYSIS

12        Defendants invoke Fed. R. Civ. P. 12(b)(6), which permits a court to dismiss a

13   complaint for failure to state a claim.  The rule requires the court to assume the truth of

14   the complaint's factual allegations and credit all reasonable inferences arising from its

15   allegations.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  The plaintiff must

16   point to factual allegations that "state a claim to relief that is plausible on its face."  *Bell

17   Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).  If the plaintiff succeeds, the complaint

18   avoids dismissal if there is "any set of facts consistent with the allegations in the

19   complaint" that would entitle the plaintiff to relief.  *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S.

20   662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume

21   their veracity and then determine whether they plausibly give rise to an entitlement to

22   relief.").  The court typically cannot consider evidence beyond the four corners of the

23   complaint, although it may rely on a document to which the complaint refers if the

24   document is central to the party's claims and its authenticity is not in question.  *Marder v.

25   Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  The court may also consider evidence subject

26   to judicial notice.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

28   ORDER – 3

Mr. Knecht's complaint consists of a claim invoking the Washington Deed of Trust Act (RCW Ch. 61.24) to enjoin the trustee's sale, a claim invoking the Washington Consumer Protection Act (RCW Ch. 19.86, "CPA"), a multifaceted claim for declaratory judgment, a claim for a violation of the Washington Criminal Profiteering Act (RCW Ch. 9A.82), and a request to quiet title. The court considers each claim in turn.

**A.     Mr. Knecht Plausibly Alleges Violations of the Deed of Trust Act, and Thus Plausibly Alleges a Claim to Enjoin Fidelity's Attempted Trustee Sale.**

The Deed of Trust Act regulates mortgage transactions in which a lender issuing a promissory note or other debt instrument to a borrower can secure the debt via a deed of trust. *Bain v. Metro. Mortgage Group, Inc.*, 285 P.3d 34, 38 (Wash. 2012). The borrower becomes the grantor of the deed of trust and the lender becomes the beneficiary of the deed of trust. *Id.* A trustee holds title to the property in trust for the lender. *Id.* If the borrower defaults on the loan, the trustee "may usually foreclose the deed of trust and sell the property without judicial supervision." *Id.* The Knecht deed of trust (like thousands of deeds of trust in Washington and elsewhere) declares MERS to be "the beneficiary under this Security Instrument," but "solely as a nominee for Lender and Lender's successors and assigns." Ex. 1. As the court will discuss later, this portion of the Knecht deed of trust is invalid. MERS cannot, by law, serve as the beneficiary of a deed of trust unless it holds the note or debt instrument underlying the deed of trust. *Bain*, 285 P.3d at 47.

Because the Deed of Trust Act "dispenses with many protections commonly enjoyed by borrowers under judicial foreclosures, lenders must strictly comply with the statutes and courts must strictly construe the statutes in the borrower's favor." *Albice v. Premier Mortgage Servs., Inc.*, 276 P.3d 1277, 1281 (Wash. 2012). Among the statutory protections requiring strict compliance are the "requisites to a trustee's sale" enumerated at RCW § 61.24.030. *Albice*, 276 P.3d at 1281, 1282 ("Without statutory authority, any action taken is invalid."); *see also Schroeder v. Excelsior Mgmt. Group, LLC*, No. 86433-

ORDER – 4

1, 2013 Wash. LEXIS 152, at * 14-15, 25 (Wash. Feb. 28, 2013).  Trustees must also strictly comply with the sale procedures itemized at RCW § 61.24.040.  *Albice*, 276 P.3d at 1282 (invalidating sale conducted more than 120 days after notice of sale, in violation of RCW § 61.24.040(6)).

 Mr. Knecht's complaint places several Deed of Trust Act requirements at issue. First is the requirement that "before the notice of trustee's sale is recorded, transmitted, or served, the trustee shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust."  RCW § 61.24.030(7)(a).  Second is the requirement that the beneficiary comply with RCW § 61.24.031 (which requires that the beneficiary give the borrower notice of default on the note) before recording, transmitting, or serving a notice of trustee's sale.  RCW § 61.24.030(9).  Third is the requirement that a trustee give at least 120 days notice of a trustee's sale in cases where a letter complying with RCW § 61.24.031 is necessary.[2]  As the court will now explain, Mr. Knecht's complaint plausibly alleges violations of these statutes.

### 1. Mr. Knecht Plausibly Alleges that Fidelity Lacks Proof that DB is the Beneficiary of His Deed of Trust.

 The Deed of Trust Act requires the trustee to "have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust.  RCW § 61.24.030(7)(a); *see also Bain*, 285 P.3d at 39 (citing trustee's statutory obligation to obtain proof of beneficiary's ownership of the note as element of its duty to the grantor of the deed of trust).  The complaint acknowledges that DB "holds itself out as the beneficiary" to the Knecht deed of trust by virtue of the Assignment.  Compl. at 3.  It asserts, however, that MERS had no authority to assign anything to DB.  Compl. at 6-7. The plausibility of these allegations rests on the decision in *Bain*.  In *Bain*, the

---

[2] In his opposition to one of the motions to dismiss, Mr. Knecht suggests that Fidelity violated the Deed of Trust Act by not maintaining a physical presence in Washington in compliance with RCW § 61.24.030(6) and by not providing contact information in compliance with RCW § 61.24.040(2).  Neither of these claims appears in Mr. Knecht's complaint, and the court will not consider them today.

ORDER – 5

Washington Supreme Court held that MERS cannot not act as the beneficiary of a Washington deed of trust unless it holds the note or other debt instrument that the deed of trust secures. 285 P.3d at 47. Given that holding, the *Bain* court questioned whether MERS has any right or interest (arising from deeds of trust that purport to make it a beneficiary) that it could convey. *Id.* at 48. For that reason, the Assignment from MERS to DB is at least plausibly inadequate to prove that DB is the beneficiary of the Knecht deed of trust or the holder of the Knecht note. DB contends that Mr. Knecht, who is not a party to the Assignment, has no standing to challenge its validity. But Mr. Knecht need not challenge the Assignment's validity, he need only note, in accordance with *Bain*, that the Assignment is a transfer of MERS's nonexistent interest in his deed of trust. It is, in other words, a valid assignment of nothing.

Defendants complain that courts across the country, including federal courts in Washington, have rejected "show-me-the-note" arguments like Mr. Knecht's. In the wake of *Bain*, this court suggests that it is time to retire the reductive "show-me-the-note" meme, at least in cases arising under Washington law. In Washington, proof that the beneficiary holds the note secured by a deed of trust is a statutory requisite to a trustee's sale. RCW § 61.24.030(7)(a). *Bain* similarly highlights the need to demonstrate that the beneficiary holds the note. 285 P.3d at 39 (citing RCW § 61.24.030(7)(a)), at 47-48 ("If the original lender had sold the loan, [it] would need to establish ownership of that loan, either by demonstrating that it actually held the promissory note or by documenting the chain of transactions."). Prior to *Bain*, many courts (including many in this District) believed that documents MERS executed purporting to assign interests in deeds of trusts or notes were sufficient proof. Since *Bain*, that conclusion is questionable, at best. To be sure, there is no requirement that a beneficiary or trustee "show the borrower the note." Instead, a trustee must "have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust." RCW § 61.24.030(7)(a). Although

ORDER – 6

there are probably many ways to satisfy the statute's proof requirement, the statute itself establishes one way. *Id.* ("A declaration by the beneficiary made under penalty of perjury stating that the beneficiary is the actual holder of the promissory note . . . shall be sufficient proof as required under this subsection.").  There is no evidence that Fidelity had a declaration that complied with the statute before it recorded notice of any trustee's sale.  More to the point, on a motion to dismiss, the court does not consider evidence.  It considers the allegations of the complaint and documents subject to judicial notice.  The only "proof" described in the complaint is the Assignment, which transfers MERS's nonexistent interest in the Knecht deed of trust and note to DB.  In light of the problematic Assignment, Mr. Knecht's complaint plausibly alleges that Fidelity lacked proof that DB holds the Knecht note.  It thus plausibly alleges that Fidelity had no statutory authority to conduct a trustee's sale.

   **2.    Mr. Knecht Plausibly Alleges that He Did Not Receive Proper Notice of His Default and That Fidelity Scheduled the Trustee's Sale Too Soon.**

   Mr. Knecht also alleges that he was entitled to a pre-default, pre-notice-of-sale letter from the beneficiary of his deed of trust, in accordance with RCW § 61.24.031 and RCW § 61.24.030(9).  Compl. at 9.  Assuming the letter was necessary, moreover, the Deed of Trust Act required the trustee to record the notice of trustee's sale at least 120 days before the sale.  RCW § 61.24.040(1).  In this case, Fidelity recorded the notice of sale on June 7, 2012, fewer than 120 days before the September 7, 2012 sale date.  Neither Fidelity nor any other Defendant addresses the requirements of RCW § 61.24.031 or RCW § 61.24.040(1).

   Before considering what remedies flow from Mr. Knecht's plausible allegations of violations of the Deed of Trust Act, the court notes that at least two of his allegations are not plausible.  First, he erroneously asserts that Defendants violated RCW § 61.24.040(6) by scheduling a trustee's sale on September 7, 2012, more than 120 days after the January 28, 2011 sale date it announced in its first notice of sale.  He misinterprets the

ORDER – 7

statute, which permits a trustee to postpone a sale date announced in a notice of trustee's sale for up to 120 days.  RCW § 61.24.040(6).  Nothing in RCW § 61.24.040(6) or in remainder of the Deed of Trust Act prohibits a trustee from doing what Fidelity did in this case: recording a new notice of trustee's sale announcing a new sale date.  *Albice*, 276 P.3d at 1282 ("[A] trustee is not authorized, *at least not without reissuing the statutory notices*, to conduct a sale after 120 days from the original sale date, and such a sale is invalid.") (emphasis added).  Second, Mr. Knecht erroneously asserts that "MERS's appointment of defendant Fidelity as a successor trustee is invalid."  Compl. at 9.  MERS did not appoint Fidelity as a successor trustee; DB did.[3]  Ex. 4.

### 3.   Mr. Knecht's Allegations of Violations of the Deed of Trust Act Give Him a Plausible Claim to Enjoin a Trustee's Sale of His Property.

Even without the foregoing analysis, Defendants' insistence that Mr. Knecht has no cause of action to enjoin Fidelity's attempted trustee sale is suspect.  The King County Superior Court already enjoined the sale, a fact that no Defendant acknowledges.  No Defendant has asked the court to set aside the King County injunction.  Putting that aside, however, RCW § 61.24.130 ensures that "nothing contained in [the Deed of Trust Act] shall prejudice the right of the borrower . . . to restrain, on any proper legal or equitable ground, a trustee's sale."[4]  Where a borrower (like Mr. Knecht) points out the trustee's failure to meet statutory requisites for a sale, it is an abuse of discretion not to enjoin the sale without first determining whether the trustee in fact meets the statutory requisites.

---

[3] The court is unaware of any portion of the Deed of Trust Act that requires the trustee to establish its own authority to act as a trustee.  Mr. Knecht alleges that DB is not the beneficiary of the deed of trust, and that as a consequence, DB had no authority to appoint DB as a successor trustee.  Compl. at 9.  Because of the other Deed of Trust Act violations Mr. Knecht has alleged, the court need not decide whether this allegation, standing on its own, would state a violation of the Deed of Trust Act.

[4] RCW § 61.24.130 does not merely preserve a borrower's right to seek an injunction against a trustee's sale, it also imposes procedural requirements to obtain an injunction.  So far as the court is aware, no court has decided whether RCW § 61.24.040 sets forth exclusive procedures for obtaining an injunction against a trustee's sale.  *See Schroeder*, 2013 Wash. LEXIS 152 at *28 n.13 (declining to decide if a hearing in accordance with RCW § 61.24.130 "is the only way to seek an order restraining a nonjudicial foreclosure sale").

ORDER – 8

*Schroeder*, 2013 Wash. LEXIS 152 at *2.  As long as a borrower "adequately raise[s]" the absence of a statutory requisite, a court must make "specific factual findings" on whether the trustee satisfied those statutory requisites.  *Id.* at *27.  By now, Mr. Knecht's request to enjoin the *September 7, 2012 sale* is moot, because not only has that date passed, the 120-day period in which the trustee is permitted to postpone the sale has passed as well.  RCW § 61.24.040(6).  If Mr. Knecht can demonstrate that Fidelity is likely to attempt another sale (which is wholly plausible, given Fidelity's and DB's positions in these motions to dismiss), then his injunction claim is not moot.  The court declines to dismiss Mr. Knecht's claim to enjoin a trustee's sale of his property.

**B.     Mr. Knecht Plausibly Alleges CPA Violations.**

To state a CPA claim, Mr. Knecht must allege "(1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact, (4) [an] injury to plaintiff in his or her business or property, [and] (5) causation."  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins.*, 719 P.2d 531, 523 (Wash. 1986).

The court begins with the CPA's injury requirement.  The only injuries that Mr. Knecht plausibly claims are damages flowing from damage to his credit, "financial damage" occasioned by his need to fight off Defendants' unlawful foreclosure efforts, and "emotional distress, anguish, fear and depression."  Compl. at 11.  The latter category of damages are not injuries to his business or property, and are thus beyond the scope of the CPA.  *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 858 P.2d 1054, 1064 (Wash. 1993).  The other injuries, however, are injuries to business or property.

In both *Bain* and *Klem v. Wash. Mut. Bank*, No. 87105-1, 2013 Wash. LEXIS 151 (Wash. Feb. 28, 2013), the Washington Supreme Court has recognized that acts in violation of the Deed of Trust Act can satisfy the first three elements of the CPA.  *Bain* held that merely listing MERS as a beneficiary in a deed of trust is at least potentially deceptive and impacts the public interest.  285 P.3d at 51.  *Klem* held that at least some

acts by a trustee in violation of the Deed of Trust Act are unfair or deceptive.  2013 Wash. LEXIS 151 at *33 (holding that a trustee's deference to a beneficiary in deciding whether to postpone a trustee's sale was an unfair or deceptive act), at *37-38 (holding that false pre-dating of foreclosure documents by trustee satisfied first three elements of the CPA).

Mr. Knecht plausibly alleges that the actions of Fidelity, DB, and MERS in violation of the Deed of Trust Act were unfair or deceptive.  There is no dispute that these acts occurred in trade or commerce.  Given the large number of foreclosure actions in which these parties are involved, Compl. at 10, Mr. Knecht also plausibly alleges a public interest impact.

Finally, it is plausible that these violations of the Deed of Trust Act have caused him to incur the costs of fighting off the trustee's sale as well as damage to his credit.  As Defendants repeatedly point out, Mr. Knecht has never disputed that he is in default on his loan.  It is plausible that Mr. Knecht's damaged credit is the result of his own failure to pay rather than Defendants' actions.  But parceling blame between Defendants and Mr. Knecht is not the court's task on a motion to dismiss.

**C.    Mr. Knecht Has Stated Some Justiciable Requests for Declaratory Judgment.**

Mr. Knecht wants a declaratory judgment that declares that MERS cannot act as the beneficiary on his deed of trust, that its purported assignment of its interest to DB is void, that DB does not hold the Knecht note and cannot initiate a foreclosure, that all three notices of trustee's sale are void, and that Fidelity is not a lawful trustee.  Mr. Knecht invokes Washington's version of the Uniform Declaratory Judgment Act (RCW Ch. 7.24), rather than the federal Declaratory Judgment Act (28 U.S.C. §§ 2201-02).  He points to no difference between the two acts that makes a difference in evaluating his claims.  To the extent he believes that invoking Washington law allows him to avoid the requirement that he state an "actual controversy," 28 U.S.C. § 2201(a), he is mistaken.

ORDER – 10

The "actual controversy" requirement arises from Article III of the United States Constitution, and applies to all causes of action in federal court, whether or not they invoke state law. *See*, *e.g.*, *Birdsong v. Apple, Inc.*, 590 F.3d 955, 960 n.4 (9th Cir. 2009).

Several of the declarations Mr. Knecht requests do not present a live controversy. MERS is not attempting to act as the beneficiary on his deed of trust, so there is no need for the court to declare it powerless to do so. Defendants have either withdrawn or formally abandoned their first two notices of trustee's sale, so there is no need for a declaration voiding them.

Mr. Knecht's remaining requests for declaratory judgment are incident to his claim to enjoin the trustee's sale as well as his CPA claim. They present live controversies, and the court finds no reason to dismiss them.

**D.    Mr. Knecht States No Claim Arising from Washington's Criminal Prohibition on Forgery.**

Among Mr. Knecht's requests for declaratory relief is a request that the court declare MERS "guilty of RCW 40.16.030," which makes forgery of publicly recorded documents a Class C felony. Compl. at 7. The statute he cites is a criminal statute that provides no civil cause of action. There are no allegations that explain what MERS allegedly forged, and no explanation of how a declaratory judgment that MERS forged something would have an impact on this litigation. Mr. Knecht cites no precedent incorporating criminal forgery prohibitions into a civil cause of action, and this court will not be the first. The court dismisses any claim based on RCW § 40.16.030.

**E.    Mr. Knecht States No Plausible Criminal Profiteering Act Claim.**

Unlike the forgery statute that Mr. Knecht invokes, the Criminal Profiteering Act gives a civil cause of action to a person injured in his "person, business, or property by an act of criminal profiteering that is part of a pattern of criminal profiteering, or by an offense defined in [several criminal statutes]." RCW § 9A.82.100(1)(a). A pattern of

ORDER – 11

criminal profiteering consists of acts, whether they led to indictments or not, that violate any of a series of criminal statutes.  RCW § 9A.82.010(4)(a)-(ss).  Mr. Knecht does not plausibly allege a violation of any criminal statute enumerated in the Profiteering Act. The court dismisses his Criminal Profiteering Act Claim.

**F.      The Complaint States No Plausible Claim Against AHMSI.**

The court's foregoing analysis does not mention American Home Mortgage Servicing Inc. ("AHMSI"), the fourth Defendant whom Mr. Knecht sued.  Mr. Knecht's complaint scarcely mentions AHMSI.  An AHMSI representative signed the document in which DB purports to appoint Fidelity as a successor trustee, stating that AHMSI was DB's "attorney in fact." Ex. 4.  Mr. Knecht complains that there is no recorded power-of-attorney document establishing AHMSI's right to act on DB's behalf, but he points to no authority requiring AHMSI to record such a document.  He also fails to establish his own standing to object to AHMSI's acting on DB's behalf.

The other allegations concerning AHMSI are that it "sent written communications to [Mr. Knecht] inducing him to enter into a home retention/loan modification agreement . . . under the guise that AHMSI has the right 'under the Security Instrument to foreclose on the Property.'"  Compl. at 3.  AHMSI also "prepared documents for [Mr. Knecht] to sign indicating that so long as [he] make[s] payments directly to the company under its new terms, [he] can stay in his own home." Comp. at 4.  Mr. Knecht asks for a declaratory judgment that AHMSI made false representations or misrepresentations. Comp. at 7-8.  The complaint makes no allegations about how AHMSI caused any cognizable injury to Mr. Knecht.

The complaint does not state plausible claims against AHMSI.  In contrast to the relatively detailed allegations (and supporting documents) demonstrating the other Defendants' alleged wrongdoing and the harm they allegedly caused Mr. Knecht, the

ORDER – 12

court can barely discern what AHMSI is alleged to have done wrong, much less how it caused an actionable injury to Mr. Knecht.

**G.     No Defendant Has Addressed Mr. Knecht's Claim to Quiet Title.**

The final page of Mr. Knecht's complaint prays for a judgment quieting title to his property.  No Defendant mentioned this claim in these motions to dismiss.  The court will not address it further.

## IV.   CONCLUSION

For the reasons previously stated, the court GRANTS in part and DENIES in part Defendants' motions to dismiss.  Dkt. ## 10, 11.  The clerk shall TERMINATE American Home Mortgage Servicing Inc. as a party.  The court dismisses any claim based on RCW § 40.16.030 and the non-justiciable declaratory judgment claims with prejudice.  All other dismissals of claims in this order are without prejudice.  The court reminds the parties that its decision today merely establishes that Mr. Knecht has plausibly stated certain claims.  It does not suggest that he will ultimately prevail on any of them.

For the remainder of this litigation, Defendants may not file separate motions addressing the same issue without obtaining leave of court.  Fidelity's decision to file a separate motion to dismiss was unnecessary, led to twice as much briefing, and delayed the court's consideration of these motions.

DATED this 11th day of March, 2013.

_Richard A Jones_
_____
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 13