THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN D. KNECHT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., DEUTSCHE BANK NATIONAL TRUST CO. AS TRUSTEE FOR GSR MORTGAGE LOAN TRUST 2006-0A1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-0A1, AMERICAN HOME MORTGAGE SERVICING INC.,<br><br>　　　　　Defendants. | No. 2:12-cv-1575 RAJ<br><br>DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES |

Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") answers Plaintiff's Complaint (Dkt #1-1) as follows:

## I.    PRELIMINARY STATEMENT

MERS responds to the Complaint based on the current information available to it and after reasonable investigation. MERS reserves the right to amend this Answer based on information made available through discovery or further investigation. Unless specifically admitted below, MERS denies each and every allegation, claim, and prayer for relief contained in the Complaint.

DEFENDANT MERS' ANSWER TO
COMPLAINT(NO. 2:12-CV-1575 RAJ) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

71045-0121/LEGAL26101211.1

## II. RESPONSE TO COMPLAINT

1. Answering Paragraph I.1 of the Complaint, MERS responds that the documents referenced therein speak for themselves and no response regarding the allegations concerning the documents' content is required. MERS lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph I.1, and on that basis denies them.

2. Answering Paragraph I.2 of the Complaint, MERS responds that the documents referenced therein speak for themselves and no response regarding the allegations concerning the documents' content is required. MERS lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph I.2, and on that basis denies them.

3. Answering Paragraph I.3 of the Complaint, MERS admits that it is a Delaware corporation with a mailing address in Reston, Virginia, and that at times it has been identified on deeds of trust recorded in the state of Washington as beneficiary in a nominee capacity for the original lender and lender's successors and assigns. MERS further responds that the documents referenced in Paragraph I.3 speak for themselves and no response regarding the allegations concerning the documents' content is required. Further, the statements in Paragraph I.3 concerning jurisdiction state legal conclusions requiring no answer. MERS denies the remaining allegations in Paragraph I.3 of the Complaint.

4. Answering Paragraph I.4 of the Complaint, MERS admits that an n "Assignment of Deed of Trust" from MERS to Deutsche Bank National Trust Co., as Trustee for GSR Mortgage Loan Trust 2006-0A1, Mortgage Pass-Through Certificates, Series 2006-0A1 was recorded in the public records. MERS lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph I.4 of the Complaint, and on that basis denies them.

5. Paragraph I.5 of the Complaint concerns a party dismissed from this action, and thus no answer is required. To the extent an answer is required, MERS lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph I.5, and on that basis denies them.

DEFENDANT MERS' ANSWER TO
COMPLAINT (NO. 2:12-CV-1575 RAJ) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

71045-0121/LEGAL26101211.1

6.  Paragraph I.6 of the Complaint states legal conclusions requiring no answer. To the extent an answer is required, MERS does not dispute that this Court has jurisdiction over this action.

7.  Answering Paragraph II.1 of the Complaint, MERS responds that the documents referenced therein speak for themselves and no response regarding the allegations concerning the documents' content is required. MERS lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph II.1 of the Complaint, and on that basis denies them.

8.  Paragraph II.2 of the Complaint contains no allegations.

9.  Answering Paragraph II.3 of the Complaint, MERS responds that the documents referenced therein speak for themselves and no response regarding the allegations concerning the documents' content is required. MERS lacks sufficient information to form a belief as to the truth or falsity of any remaining allegations in Paragraph II.3 of the Complaint, and on that basis denies them.

10. Answering Paragraph II.4 of the Complaint, MERS responds that the documents referenced therein speak for themselves and no response regarding the allegations concerning the documents' content is required. MERS possessed no interest in the subject Deed of Trust or Plaintiff's Property after April 1, 2010, therefore MERS lacks sufficient information to form a belief as to the truth or falsity of any remaining allegations in Paragraph II.4 of the Complaint, and on that basis denies them.

11. Answering Paragraph II.5 of the Complaint, MERS responds that the documents referenced therein speak for themselves and no response regarding the allegations concerning the documents' content is required. MERS possessed no interest in the subject Deed of Trust or Plaintiff's Property after April 1, 2010, therefore MERS lacks sufficient information to form a

DEFENDANT MERS' ANSWER TO
COMPLAINT (NO. 2:12-CV-1575 RAJ) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

71045-0121/LEGAL26101211.1

belief as to the truth or falsity of any remaining allegations in Paragraph II.5 of the Complaint, and on that basis denies them.

12. Answering Paragraph II.6 of the Complaint, MERS responds that the documents referenced therein speak for themselves and no response regarding the allegations concerning the documents' content is required. MERS possessed no interest in the subject Deed of Trust or Plaintiff's Property after April 1, 2010, therefore MERS lacks sufficient information to form a belief as to the truth or falsity of any remaining allegations in Paragraph II.6 of the Complaint, and on that basis denies them.

13. Answering Paragraph II.7 of the Complaint, MERS responds that the documents referenced therein speak for themselves and no response regarding the allegations concerning the documents' content is required. MERS possessed no interest in the subject Deed of Trust or Plaintiff's Property after April 1, 2010, therefore MERS lacks sufficient information to form a belief as to the truth or falsity of any remaining allegations in Paragraph II.3, and on that basis denies them.

14. Answering Paragraph II.8 of the Complaint, MERS responds that the documents referenced therein speak for themselves and no response regarding the allegations concerning the documents' content is required. MERS possessed no interest in the subject Deed of Trust or Plaintiff's Property after April 1, 2010, therefore MERS lacks sufficient information to form a belief as to the truth or falsity of any remaining allegations in Paragraph II.8, and on that basis denies them.

15. Answering Paragraph II.9 of the Complaint, MERS responds that the documents referenced therein speak for themselves and no response regarding the allegations concerning the documents' content is required. MERS possessed no interest in the subject Deed of Trust or Plaintiff's property after April 1, 2010, therefore MERS lacks sufficient information to form a

DEFENDANT MERS' ANSWER TO
COMPLAINT (NO. 2:12-CV-1575 RAJ) – 4

71045-0121/LEGAL26101211.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

belief as to the truth or falsity of any remaining allegations in Paragraph II.9, and on that basis denies them.

16. Answering Paragraph III.1.A of the Complaint, MERS responds that this paragraph states only legal conclusions that fails to comply with Fed.R.Civ.P. 8, and therefore no answer is required. To the extent an answer is required, MERS denies that Plaintiff is entitled to the requested relief, and further denies Plaintiff's summary of relevant legal authority.

17. Answering Paragraph III.1.B of the Complaint, MERS responds that this paragraph concerns a claim that the Court has dismissed, and thus no response is necessary. To the extent a response is required, MERS denies.

18. Answering Paragraph III.1.C of the Complaint, MERS responds that this paragraph states legal conclusions concerning other parties, and thus no response from MERS is required.

19. Answering Paragraph III.1.D of the Complaint, MERS responds that this paragraph states legal conclusions concerning other parties, and thus no response from MERS is required.

20. Answering Paragraph III.1.E of the Complaint, MERS responds that this paragraph states legal conclusions concerning other parties, and thus no response from MERS is required.

21. Answering Paragraph III.1.F of the Complaint, MERS responds that this paragraph states legal conclusions concerning a party that has been dismissed from this action, and thus no response from MERS is required.

22. Answering Paragraph III.1.G of the Complaint, MERS responds that this paragraph states legal conclusions concerning a party that has been dismissed from this action, and thus no response from MERS is required.

23. Answering Paragraph III.2.A of the Complaint, MERS responds that this paragraph states legal conclusions concerning other parties, and thus no response from MERS is required.

24. Answering Paragraph III.2.B of the Complaint, MERS responds that this paragraph states legal conclusions concerning other parties, and thus no response from MERS is required.

DEFENDANT MERS' ANSWER TO
COMPLAINT (NO. 2:12-CV-1575 RAJ) – 5

71045-0121/LEGAL26101211.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

25. Answering Paragraph III.3.A of the Complaint, MERS responds that this paragraph states legal conclusions requiring no answer. To the extent a response is required, MERS denies that it appointed the successor trustee and denies all other allegations in Paragraph III.3.A.

26. Answering Paragraph III.3.B of the Complaint, MERS responds that this paragraph states legal conclusions requiring no answer. To the extent a response is required, MERS denies the allegations in Paragraph III.3.A.

27. Answering Paragraph III.4 of the Complaint, MERS restates its responses above to the allegations contained Paragraphs I.1 through III.3.A of the Complaint. MERS further responds that Paragraph III.4 contains incomplete legal conclusions requiring no response.

28. Answering Paragraph III.4.A of the Complaint, MERS denies all factual allegations directed at MERS. The remainder of Paragraph III.4.A contains incomplete legal conclusions requiring no response.

29. Answering Paragraph III.5.A of the Complaint, this paragraph concerns claims that have been dismissed from this action, therefore no response is required. To the extent a response is required, MERS denies the allegations.

30. Answering Paragraph III.5.B of the Complaint, this paragraph concerns claims that have been dismissed from this action, therefore no response is required. To the extent a response is required, MERS denies the allegations.

31. Answering Paragraph III.5.C of the Complaint, this paragraph concerns claims that have been dismissed from this action, therefore no response is required. To the extent a response is required, MERS denies the allegations.

32. MERS denies the allegations in Paragraph 6.A of the Complaint.

33. MERS denies the allegations in Paragraph 6.B of the Complaint.

34. MERS denies the allegations in Paragraph 6.C of the Complaint.

DEFENDANT MERS' ANSWER TO
COMPLAINT (NO. 2:12-CV-1575 RAJ) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

71045-0121/LEGAL26101211.1

35. Answering the "Request for Relief" in the Complaint, MERS denies that Plaintiff is entitled to any requested relief, or any other relief whatsoever.

### III. AFFIRMATIVE DEFENSES

Having answered the allegations in the Complaint, Defendant MERS sets forth the following affirmative defenses. By setting forth these affirmative defenses, MERS does not assume any burden of proof as to any fact issue or other element of any cause of action that properly belongs to Plaintiff. Further, MERS reserves the right to amend or supplement its affirmative defenses as discovery or further investigation may justify.

1. The Complaint fails to state a claim against Defendant MERS for which relief can be granted.

2. Some or all of the claims for relief may be barred in whole or in part by equitable doctrines, including but not limited unclean hands, laches, waiver, avoidable consequences, and/or estoppel.

3. Plaintiff failed to mitigate his damages, if any.

4. Certain of Plaintiff's claims for relief may be barred by the relevant statute of limitations.

5. Certain of Plaintiff's claims for relief or requested damages may be barred by the economic loss doctrine.

6. Plaintiff has failed to identify a justiciable controversy justifying the requested declaratory relief.

7. Plaintiff's damages, if any, were proximately caused, in whole or in part, from the fault of others, including Plaintiff's own negligence in exercising reasonable care for his financial obligations, and non-parties.

8. Plaintiff's claims are barred in whole or in part because he assumed the risk he would not be able to make his mortgage payments as provided for in his contractual obligations.

DEFENDANT MERS' ANSWER TO
COMPLAINT (NO. 2:12-CV-1575 RAJ) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

71045-0121/LEGAL26101211.1

9. Plaintiff's damages, if any, are a direct result of his breach of contract.

10. Defendant MERS' acts and practices were neither "unfair" nor "deceptive" under RCW 19.86 *et seq.*

11. Defendant MERS is not liable to Plaintiff because MERS did not engage in unfair or deceptive acts and practices under RCW 19.86 *et seq.* that proximately caused Plaintiff's alleged injury.

12. Plaintiff is not entitled to injunctive relief affecting foreclosure until he reinstates his loan obligation.

13. Plaintiff is not entitled to quiet title because there are no competing claims for ownership.

14. MERS possessed no interest in the subject Deed of Trust of Plaintiff's property after April 1, 2010.

DATED this 26th day of March, 2013.

By: /s *Frederick B. Rivera. WSBA #23008*
Frederick B. Rivera, WSBA #23008
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: FRivera@perkinscoie.com

Attorneys for Defendants Mortgage Electronic Registration Systems Inc.; Deutsche Bank National Trust Co., as Trustee for GSR Mortgage Loan Trust 2006-0A1, Mortgage Pass-Through Certificates Series 2006-0A1; and American Home Mortgage Servicing Inc. (now known as Homeward Residential Inc.)

DEFENDANT MERS' ANSWER TO
COMPLAINT (NO. 2:12-CV-1575 RAJ) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

71045-0121/LEGAL26101211.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 26, 2013, the foregoing was filed electronically via the Court's CM/ECF systems, which automatically provided notice and service to the following:

Scott E. Stafne
Stafne Law Firm
Stafnelawfirm@aol.com
*Counsel for Plaintiff*

Daniel Allen Womac
Fidelity National Law Group
Daniel.womac@fnf.com
*Counsel for Fidelity National Title Insurance Company*

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington, March 26, 2013.

By: *s/ Frederick B. Rivera*
Frederick B. Rivera, WSBA #23008
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: FRivera@perkinscoie.com

CERTIFICATE OF SERVICE – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

71045-0121/LEGAL26101211.1