UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN D. KNECHT, an unmarried man,<br><br>                    Plaintiff,<br><br>    vs.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., DEUTSCHE BANK NATIONAL TRUST CO. AS TRUSTEE FOR GSR MORTGAGE LOAN TRUST 2006-0A1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-0A1, AMERICAN HOME MORTGAGE SERVICING INC.<br><br>                    Defendants. | NO. 2:12-cv-01575 RAJ<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY'S ANSWER |

Defendant Fidelity National Title Insurance Company ("Fidelity"), by and through its attorney of record, Daniel A. Womac, answers Plaintiff John D. Knecht's ("Plaintiff") Complaint (Dkt #1-1) as follows:

I.     INTRODUCTION

Fidelity responds to Plaintiff's Complaint based on all available information at this time and after reasonable investigation into each allegation.  Unless specifically admitted in this

ANSWER-1

Answer, Fidelity denies each and every allegation, claim and prayer contained in the Complaint. Fidelity also reserves the right to amend this Answer based on information learned through discovery or further investigation.

II.     RESPONSE TO COMPLAINT – PARTIES, JURISDICTION AND VENUE

1.1     The documents referenced in Paragraph 1.1 speak for themselves, and thus require no response. Fidelity is without information or knowledge sufficient to form a belief as to any remaining allegations in Paragraph 1.1, and therefore denies the same.

1.2     The documents referenced in Paragraph 1.2 speak for themselves, and thus require no response. Fidelity is without information or knowledge sufficient to form a belief as to any remaining allegations in Paragraph 1.2, and therefore denies the same.

1.3     The documents referenced in Paragraph 1.3 speak for themselves, and thus require no response. Fidelity is without information or knowledge sufficient to form a belief as to any remaining allegations in Paragraph 1.3, and therefore denies the same.

1.4     The documents referenced in Paragraph 1.4 speak for themselves, and thus require no response. Fidelity is without information or knowledge sufficient to form a belief as to any remaining allegations in Paragraph 1.4, and therefore denies the same.

1.5     The documents referenced in Paragraph 1.5 speak for themselves, and thus require no response. Fidelity is without information or knowledge sufficient to form a belief as to any remaining allegations in Paragraph 1.5, and therefore denies the same.

1.6     Paragraph 1.6 states legal conclusions and thus requires no response. To the extent that an answer is required, however, Fidelity admits that this Court has jurisdiction over this matter.

## III. EXHIBITS AND EXPLANATIONS

2.1 The documents referenced in Paragraph 2.1 speak for themselves, and thus require no response. Fidelity is without information or knowledge sufficient to form a belief as to any remaining allegations in Paragraph 2.1, and therefore denies the same.

2.2 There are no allegations in Paragraph 2.2, and thus no response is required.

2.3 The documents referenced in Paragraph 2.3 speak for themselves, and thus require no response. Fidelity is without information or knowledge sufficient to form a belief as to any remaining allegations in Paragraph 2.3, and therefore denies the same.

2.4 The documents referenced in Paragraph 2.4 speak for themselves, and thus require no response. Fidelity is without information or knowledge sufficient to form a belief as to any remaining allegations in Paragraph 2.4, and therefore denies the same.

2.5 The documents referenced in Paragraph 2.5 speak for themselves, and thus require no response. Fidelity is without information or knowledge sufficient to form a belief as to any remaining allegations in Paragraph 2.5, and therefore denies the same.

2.6 The documents referenced in Paragraph 2.6 speak for themselves, and thus require no response. Fidelity is without information or knowledge sufficient to form a belief as to any remaining allegations in Paragraph 2.6, and therefore denies the same.

2.7 The documents referenced in Paragraph 2.7 speak for themselves, and thus require no response. Fidelity is without information or knowledge sufficient to form a belief as to any remaining allegations in Paragraph 2.7, and therefore denies the same.

2.8 The documents referenced in Paragraph 2.8 speak for themselves, and thus require no response. Fidelity is without information or knowledge sufficient to form a belief as to any remaining allegations in Paragraph 2.8, and therefore denies the same.

2.9     The documents referenced in Paragraph 2.9 speak for themselves, and thus require no response.  Fidelity is without information or knowledge sufficient to form a belief as to any remaining allegations in Paragraph 2.9, and therefore denies the same.

## IV.     CLAIMS

3.1     Paragraph 3.1 A - G only states legal conclusions which do not comply with Fed.R.Civ.P. 8, and thus do not require a response.  To the extent that any answer is required, Fidelity denies that Plaintiff is entitled to any relief as requested in Paragraph 3.1, and denies any allegations in Plaintiff's summary of events.

3.2     Paragraph 3.2 A - B only states legal conclusions which do not comply with Fed.R.Civ.P. 8, and thus do not require a response.  To the extent that any answer is required, Fidelity denies that Plaintiff is entitled to any relief as requested in Paragraph 3.3, and denies any allegations in Plaintiff's summary of events.

3.3     Paragraph 3.3 A - B only states legal conclusions which do not comply with Fed.R.Civ.P 8, and thus do not require a response.  To the extent that any answer is required, Fidelity denies that Plaintiff is entitled to any relief as requested in Paragraph 3.3, and denies any allegations in Plaintiff's summary of events.

3.4     Paragraph 3.4 only states legal conclusions which do not comply with Fed.R.Civ.P 8, and thus do not require a response.  To the extent that any answer is required, Fidelity denies that Plaintiff is entitled to any relief as requested in Paragraph 3.4, and denies any allegations in Plaintiff's summary of events.

3.5     Paragraph 3.5 A - C only states legal conclusions which do not comply with Fed.R.Civ.P 8, and thus do not require a response.  To the extent that any answer is required,

Fidelity denies that Plaintiff is entitled to any relief as requested in Paragraph 3.5, and denies any allegations in Plaintiff's summary of events.

3.6   Paragraph 3.1 A - C only states legal conclusions which do not comply with Fed.R.Civ.P 8, and thus do not require a response. To the extent that any answer is required, Fidelity denies that Plaintiff is entitled to any relief as requested in Paragraph 3.6, and denies any allegations in Plaintiff's summary of events.

## V.   REQUEST FOR RELIEF

4.1   Fidelity denies that Plaintiff is entitled to any relief as requested in his prayer, and denies any and all allegations contained therein.

## VI.   AFFIRMATIVE DEFENSES

Fidelity sets forth the following affirmative defenses to any and all claims made by Plaintiff in his Complaint. Fidelity reserves the right to amend or supplement these affirmative defenses following discovery and further investigation into Plaintiff's claims.

1.   Plaintiff's claims fail to state a claim against Fidelity upon which relief can be granted.

2.   Plaintiff's claims are barred by equitable doctrines including but not limited to unclean hands, waiver, avoidable consequence, laches and/or estoppel.

3.   Plaintiff's claims are barred because he failed to mitigate his damages, if any.

4.   Plaintiff's claims are barred because he assumed the risk that he would not be able to pay his mortgage as provided in the requisite contracts/notes.

5.   Plaintiff's claims may be barred by applicable statute of limitations.

6.   Plaintiff's claims may be barred by the economic loss doctrine.

7. Plaintiff's claims are barred because he has failed to identify a justiciable controversy as required to establish declaratory relief under applicable law.

8. Plaintiff's alleged damages, if any, were proximately caused, in whole or part, by the actions or fault of others, including parties not yet named and Plaintiff's own negligence in exercising reasonable care for his financial duties and responsibilities.

9. Plaintiff's alleged damages are a result of his breach of contract.

10. Defendant Fidelity's actions or practices were not unfair or deceptive under RCW 19.86 *et seq*.

11. Plaintiff is not entitled to injunctive relief affecting foreclosure until he reinstates his loan obligation. He has not proven he is capable of doing this at all.

12. Plaintiff is not entitled to quiet title to the Property because there are no legitimate competing claims for ownership at this time.

13. Defendant Fidelity has complied with all applicable law in setting any and all sales related to the Property in this case.

DATED this 27th day of March, 2013.

FIDELITY NATIONAL LAW GROUP

*/s/ Daniel Womac*
Daniel A. Womac, WSBA #36394
Fidelity National Law Group
1200 Sixth Avenue, Suite 620
Seattle, WA 98101
(206) 224-6004
(206) 223-4527 – FAX
*Attorneys for Defendant Fidelity National Title Insurance Company*

ANSWER-6

# CERTIFICATE OF SERVICE

I hereby certify that on the date given below I caused to be served the foregoing FIDELITY NATIONAL TITLE INSURANCE COMPANY'S ANSWER on the following individuals in the manner indicated via CM/ECF notifications:

Scott E Stafne
Stafne Law Firm
239 N. Olympia Avenue
Arlington, WA 98223
*Attorney for Plaintiff*


Frederick B. Rivera
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
*Attorney for Defendants*
*Attorney for Defendants*
MERS, Inc., Deutsche Bank National Trust Co.
*as Trustee for GSR Mortgage Loan Trust*
*2006-0A1, Mortgage Pass-Through*
*Certificates, Series2006-0A1, American Home*
*Mortgage Servicing Inc.*

**SIGNED** this 27th day of March, 2013.


*/s/ Daniel Womac*
Daniel Womac