HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN KNECHT, et al.,

    Plaintiffs,

    v.

FIDELITY NATIONAL TITLE INSURANCE COMPANY, et al.,

    Defendants.

CASE NO. C12-1575RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiff's motion in limine, a motion in limine from Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), and MERS's motion to dismiss for lack of subject matter jurisdiction. The court DENIES all three motions. Dkt. ## 107, 114, 115. A bench trial will begin on March 16, 2015, and end no later than 4:30 p.m. on March 18. This order concludes with a trial schedule, the court's allocation of trial time, and instructions for the parties as they prepare their pretrial submissions.

## II. BACKGROUND & ANALYSIS

The court has twice addressed this dispute in detail, once in its March 11, 2013 order granting in part and denying in part Defendants' motions to dismiss and again in its August 2014 order granting in part and denying in part Defendants' motions for summary judgment. The court will not delve into detail a third time. It suffices to note that what

ORDER – 1

remains for trial are claims that the Defendants (who, along with MERS, are Deutsche Bank National Trust Company ("DB") and Fidelity National Title Insurance Company ("Fidelity")) violated the Washington Deed of Trust Act and Consumer Protection Act ("CPA") in attempts to foreclose the deed of trust to Plaintiff John Knecht's residential property.  In those efforts, DB asserted that it held Mr. Knecht's note and that it was the beneficiary of his deed of trust.  DB may have based both assertions, at various times, on MERS's assignment in April 2010 of its purported rights in the deed of trust and note.  Fidelity served as the foreclosure trustee because DB nominated it to act as the trustee.  Fidelity's authority to act depended on DB's status as beneficiary of the deed of trust, which in turn depended (perhaps) on MERS's assignment of beneficiary rights to DB.

Mr. Knecht also seeks declaratory relief incidental to his CPA and Deed of Trust Act claims and an injunction to prevent DB and Fidelity from commencing foreclosure proceedings again.

**A.     The Court Denies MERS's Motion to Dismiss.**

The deadline for dispositive motions passed on April 1, 2014; MERS filed its motion to dismiss on January 8, 2015.  In it, MERS rehashes arguments it made both in its motion to dismiss and its motion for summary judgment.  MERS argues that Mr. Knecht suffered no injury and that any injury he did suffer is not traceable to MERS, because MERS's role was limited to being named on the deed of trust securing Mr. Knecht's property and its assignment of its purported interests to DB in April 2010.  Those arguments did not persuade the court, for reasons the court stated in its March 2013 and August 2014 orders. Dkt. ## 20, 93.  MERS's justification for raising these arguments a third time is that, for all the same reasons, Mr. Knecht does not have Article III standing to sue MERS, and the court therefore lacks subject matter jurisdiction.

Article III requires a plaintiff with an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010).  Of

ORDER – 2

course, nearly every cause of action also carries with it the requirement to demonstrate an injury traceable to a defendant's acts. Mr. Knecht's CPA and Deed of Trust Act claims are no exception, as the court explained in its previous orders. Mr. Knecht survived MERS's motion to dismiss and its motion for summary judgment because his allegations and evidence were sufficient to create a triable issue over whether MERS's conduct (purporting to assign interests that it did not have in Mr. Knecht's note and deed of trust) was at least one cause of Mr. Knecht's injury, which consists in part of the time he took to investigate Defendants' unlawful foreclosure efforts. That MERS itself did not conduct the foreclosure efforts does not preclude the conclusion that the foreclosure never would have begun without MERS's participation. The court's conclusions that Mr. Knecht had alleged (or provided evidence to support) a concrete injury traceable to MERS would seem to dispose of an Article III challenge. MERS apparently disagrees.

There is no merit in MERS's attempt to avoid the dispositive motion deadline by relabeling its twice-failed attacks on Mr. Knecht's claims as attacks on the court's subject matter jurisdiction. To begin, there is no reason at all that MERS could not have raised its "subject matter jurisdiction" challenge years ago. MERS relies on no legal argument it could not have presented the moment it removed this suit to this court. To the extent it relies on evidence, it relies on evidence it had before it filed its summary judgment motion. MERS points out that a challenge to subject matter jurisdiction can be brought at any time. That is a correct statement of the law. Fed. R. Civ. P. 12(h)(3). But a party who deliberately or negligently withholds an attack on subject matter jurisdiction and uses it as an excuse to file a third, untimely dispositive motion rehashing the same failed arguments does itself no favors. Imagine, for example, a negligence suit in which a plaintiff seeks damages for an injury arising from a collision with another car. The defendant's defense is mistaken identity—he was not driving the car that collided with the plaintiff. He raises that defense in a motion to dismiss for failure to state a claim; the court denies it, concluding that the plaintiff's allegations suffice. He raises that defense

ORDER – 3

again on summary judgment; the court denies it, concluding that there is sufficient evidence to have the jury resolve the dispute. In MERS's view of the law, nothing prohibits that defendant, two months from trial, from raising the same argument again in the guise of an Article III challenge: "The court lacks subject matter jurisdiction because plaintiff's injury is not traceable to me, because I was not driving the other car." The court does not share MERS's view of litigation practice, and the court would strongly prefer to devote its limited resources to something other than a third refrain of MERS's causation arguments.

Putting aside MERS's dubious litigation strategy, its attack is no more successful in the guise of a jurisdictional challenge. Mr. Knecht may be able to prove at trial that his injury (the time or expense of investigating the facts underlying Defendants' attempts to foreclose)[1] is traceable, at least in part, to MERS's false assignment of its rights in either Mr. Knecht's deed of trust or his note. That is legally adequate to establish both an injury-in-fact and the traceability of that injury to MERS. The court declines to discuss in detail why the legal authority MERS cites for its long-delayed jurisdictional challenge is inapposite.

MERS also structures its jurisdictional attack as a factual challenge, recycling challenges to the sufficiency of Mr. Knecht's evidence that the court has already rejected, but also making new arguments based on Mr. Knecht's deposition testimony. MERS could have cited that testimony a year ago when it moved for summary judgment. Ignoring MERS's inexplicable delay, that testimony, which tends to show that Mr. Knecht scarcely understands MERS and its role in Defendants' foreclosure attempts, is not dispositive of anything, much less subject matter jurisdiction. That Mr. Knecht needed a lawyer to help him understand MERS's role in the foreclosure process does not

---

[1] MERS points to deposition testimony in which Mr. Knecht appears to concede that he cannot prove damage to his credit as a result of any Defendants' conduct. MERS could have pointed to that evidence in its summary judgment motion, and the court declines to consider it more than eight months after the dispositive motion deadline passed.

ORDER – 4

mean that Mr. Knecht cannot point to MERS as sharing liability for the role it played. The CPA does not require him to prove that he relied on anything MERS did, or that he even knew what MERS did. It suffices to provide evidence from which a jury could conclude that MERS causally contributed to unlawful foreclosure efforts that injured Mr. Knecht. The court has already ruled, in denying that aspect of MERS's summary judgment motion, that Mr. Knecht provided sufficient evidence to take his claims to trial. MERS fares no better by relabeling its evidentiary insufficiency attack as an attack on subject matter jurisdiction.

**B.      The Court Denies MERS's Motion in Limine.**

In its motion in limine, MERS asks the court to exclude the document that evidences MERS's April 2010 assignment to DB and the portion of the deposition testimony of Fidelity representative Tamra Yellin in which she offered her understanding of the role MERS plays in foreclosures. In both instances, MERS asks the court to exclude the evidence because the danger of "unfair prejudice" or "confusing the issues" substantially outweighs the evidence's probative value.

The court reminds MERS that it will defend against Mr. Knecht's claims in a bench trial. In a bench trial, a "threshold ruling" on the admissibility of certain evidence "is generally superfluous." *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009). MERS asks the court to rule in advance that it would be so prejudiced or confused by evidence of the MERS assignment or Ms. Yellin's testimony about MERS that the court should exclude the evidence. As the *Heller* panel put it, this would "be, in effect, 'coals to Newcastle,' asking the judge to rule in advance on prejudicial evidence so that the judge would not hear the evidence." *Id.* at 1112. In general, a court in a bench trial is better served to permit parties to present evidence at trial, then resolve any objection to the admissibility of the evidence in the context of its use at trial. There are exceptions to that general rule, but they do not apply here. MERS, like the court, is in a poor position to guess as to how Mr. Knecht will try to use the evidence of the MERS assignment.

ORDER – 5

1  MERS is free to renew its relevance objections if Mr. Knecht relies on the document at
2  trial.  As to Ms. Yellin, if Mr. Knecht tries to use her testimony as proof against MERS,
3  MERS is free to renew its contention that she lacks personal knowledge to support her
4  testimony, or any other evidentiary objection.  The court will not decide these objections
5  before the bench trial.

### C. The Court Denies Mr. Knecht's Motion in Limine.

Mr. Knecht's motion in limine requests that the court exclude "certain evidence" via Federal Rule of Civil Procedure 37(c)(1), which mandates that a court exclude a witness or information that the opposing party did not disclose in compliance with Rule 26(a) or 26(e).  Pltf.'s Mot. (Dkt. # 114) at 1.  The court emphasizes Mr. Knecht's use of the phrase "certain evidence" because the court has no idea what evidence he challenges.  His motion is of no assistance, and Defendants' evidence shows that even in efforts to meet and confer prior to filing its motion, Mr. Knecht (or more accurately, his counsel) refused to specify what evidence he was challenging.  That is reason enough to deny his motion.

Defendants guess that Mr. Knecht wishes to exclude *all* of their evidence and witnesses because, according to him, they failed to properly disclose any of it in their initial disclosures.  But Mr. Knecht points to nothing missing from Defendants' initial disclosures.  Rule 26(a)(1)(A) requires a party to identify witnesses likely to have discoverable information, either a copy or a "description by category and location" of documents that the party might use to support its claims or defenses, a computation of damages, and any relevant insurance agreement.  Defendants provided just that in April 2013.  To the extent that there were inadequacies in the initial disclosures, Mr. Knecht never pointed them out.  Indeed, the record suggests that Mr. Knecht conducted virtually no discovery.  Even in his motion in limine, Mr. Knecht does not identify what Defendants failed to disclose, much less explain his failure to point out those omissions sooner.  At best, he offers the mistaken notion that Rule 26(a) required Defendants to

ORDER – 6

produce documents. It plainly does not. It requires "a copy—or a description by category and location—of all documents" a party may use to support its claims and defenses. Fed. R. Civ. P. 26(a)(1)(A)(ii). That Mr. Knecht did not follow up on Defendants' description of documents by requesting copies of them is no basis to exclude Defendants' evidence.

Perhaps there are circumstances in which it would be appropriate to permit a party to remain silent about alleged inadequacies in an opposing party's initial disclosures for the entirety of discovery, then raise those inadequacies as a basis to exclude evidence at trial. Those are not the circumstances before the court. Mr. Knecht had ample time to raise any discovery disputes, but chose to remain silent. The court will not punish Defendants for that choice.

### III.  CONCLUSION

The court DENIES the parties' motions. Dkt. ## 107, 114, 115.

The bench trial will begin, as scheduled, on March 16, 2015. Each trial day will begin at 9:00 a.m. and will conclude at 4:30 p.m., with 15-minute recesses at 10:30 a.m. and 3:00 p.m. as well as a 90-minute recess at noon. The court will allocate half (445 minutes) of the 990 minutes of trial time to Mr. Knecht and the remaining half to Defendants. All time spent in optional opening statements, closing arguments, direct or cross-examination, as well as argument during trial will be deducted from the time balance of the party making the statement, conducting the examination, or making the argument.

To prepare for trial, the court orders as follows:

1) The court extends the deadline for filing the parties' agreed pretrial order to March 4. Before filing it, the parties shall meet and confer to discuss the impact of *Frias v. Asset Foreclosure Servs., Inc.*, 334 P.3d 529 (Wash. 2014), as well as any subsequent authority, on Plaintiff's claims arising under the Deed of Trust Act.

ORDER – 7

2) The parties' trial briefs, due no later than March 5, shall be 15 pages or fewer. They shall contain a succinct and specific statement of the precise relief that each party would like the court to award following the bench trial as well as a discussion of any precedent issued after the court's summary judgment order that impacts any claim or defense remaining.  The parties may use the remainder of their trial briefs as they prefer, but the court cautions both parties that they will gain nothing by rehashing arguments the court has already rejected.  They should use the trial briefs to explain what claims or defenses will be at issue at trial, what law governs those claims or defenses, and how they will prove or defend against those claims or defenses.

Dated this 27th day of February, 2015.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 8